In the Matter of Julie Anne JOHNSON d/b/a Julie Ann Varvaro, Debtor.

Julie Anne JOHNSON, Plaintiff,

v.

GRACELAND COLLEGE, Bank of America National Trust & Savings Association, and the United States of America, Defendants.

Bankruptcy No. 81–00070–3.
Adv. No. 81–0840–3.

United States Bankruptcy Court,
W. D. Missouri, W. D.

Dec. 15, 1981.

David Stockwell, Kansas City, Mo., for plaintiff.

Bruce E. Strauss, Kansas City, Mo., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL DECREE DECLARING THE PLAINTIFF'S INDEBTEDNESS TO DEFENDANT GRACELAND COLLEGE IN THE SUM OF $2,410 PLUS CONTRACTUAL INTEREST TO BE NONDISCHARGEABLE IN BANKRUPTCY AND FINAL JUDGMENT THAT DEFENDANT GRACELAND COLLEGE HAVE AND RECOVER THE SAME SUM FROM THE PLAINTIFF

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff brought this adversary action under § 523(a)(8) of the Bankruptcy Code on account of a student loan within the meaning of that section, asking that it be declared to be dischargeable in bankruptcy. Because none of the defendants except Graceland College filed an answer to the complaint, they have been dropped as parties by prior order of court[1] and the

1. On August 21, 1981, this court entered its order, on plaintiff's motion, directing the de-

fendant Bank of America National Trust and Savings Association to show cause within 15

decree and judgment in this action will accordingly run in favor of the defendant Graceland College only.[2]

For noncompliance with the pretrial order entered by this court in this action on June 24, 1981, the court entered a judgment of dismissal against the plaintiff on September 28, 1981. Thereafter, the plaintiff moved to set aside the dismissal and for trial on the merits.

Therefore, the court, by means of its written order of October 22, 1981, set a hearing for November 19, 1981, on (1) the issue of whether the dismissal should be set aside and (2) on the merits of the complaint. The plaintiff then appeared personally and by David Stockwell, Esquire, his counsel, and the defendant Graceland College appeared by Bruce Strauss, Esquire, its counsel.

The evidence which was then adduced on the issue of the propriety of the judgment of dismissal showed that, in its pretrial order, the court established deadlines for (1) the exchanging of any summaries to be offered in evidence by the parties pursuant to Rule 1006 of the Federal Rules of Evidence and the interposition of any objections to the admissibility in evidence of such summaries; (2) the filing of the parties' respective lists of witnesses and exhibits; (3) the filing of written stipulations of fact or separate written statements of factual contentions; and (4) the filing of a written legal pretrial brief. Plaintiff's counsel did not comply with any of these requirements, except to file a statement to the effect that plaintiff would offer no summaries at the trial—a statement which

later proved to be erroneous in view of the offer at trial of a written summary of the plaintiff's average monthly expenses. Although granted an explicit opportunity to disagree with the pretrial schedule thereby imposed by the court, counsel for the plaintiff expressly denied any disagreement with the pretrial schedule; nor did he disclaim any knowledge of it. Rather, the stated reason for noncompliance with the pretrial order was counsel's involvement in a trial of a duration alleged to have encompassed all the dates on which the pretrial stipulations or narrative statements and pretrial legal briefs were to be accomplished. It is not contended, however, that counsel could not have applied to the court for an extension of time, or at least telephonically requested such an extension.

Thus, the involvement counsel had in the "three week" trial cannot be regarded as a sufficient excuse for completely ignoring the court's pretrial order to the extent that the court was not even accorded the courtesy of a request for an extension of time when it was no longer counsel's intention to comply with the pretrial order.

The excuse for noncompliance given by counsel in his motion to vacate and set aside the judgment of dismissal was to the effect that the delay of the defendant Graceland College in complying with his discovery requests in turn made it impossible for him to comply with the court's pretrial order. But this excuse is admittedly gratuitous and without factual merit. The defendant Graceland College complied with the plaintiff's discovery requests within the time period applicably permitted by the Federal Rules of Civil Procedure[3] when, on Septem-

days why default judgment should not be entered against it for failure to serve or file any answer or other responsive pleading. No response to that order has been filed and therefore the Bank of America National Trust and Savings Association has been dropped as a party defendant. The same is true of the United States of America, which has filed no answer to the complaint or other responsive pleading. The presence of the defendant Graceland College as a defendant in this action is sufficient to warrant the court in rendering an adjudication of the issues raised by the plaintiff's complaint.

2. See note 1, *supra.*

3. Under the terms of which 30 days are granted from the date of service of a request for production of documents for compliance with it. In the request for production of documents which was served on the defendant Graceland College, plaintiff's counsel purported to shorten the time for production (and Graceland's counsel did not comply with the request within the purportedly shortened time). But only the court can shorten the time otherwise granted by the procedural rule. And, further, counsel for Graceland complied with the request, not

ber 11, 1981, counsel for Graceland College delivered the requested discovery to the office of counsel for the plaintiff for the purpose of preparing a stipulation of fact and otherwise preparing compliance with aspects of the pretrial order as to which plaintiff's cooperation was necessary or desirable. But counsel for the defendant Graceland College was unable to obtain an audience with counsel for the plaintiff, even though the time for compliance with the pretrial order was at hand. Rather, counsel for the defendant Graceland College was told that his opponent's business prevented any audience at the time.

These deliberate actions, undertaken with knowledge of the requirements of the pretrial order, made it impossible to determine the nature or substance of the plaintiff's claim or the scope of the trial which was necessary to be conducted upon it.[4] If dismissal is not warranted under these circumstances, it would be difficult to imagine circumstances in which it would be warranted. If noncompliance is to be here excused, then a court is virtually without power to enforce its pretrial orders. Therefore, the motion to set aside the judgment of dismissal must be denied. Since the exception to discharge provided for student loans is said to be self-executing,[5] this means that the plaintiff's debt to the defendant Graceland College must be regarded as nondischargeable in bankruptcy.

■ The decree of nondischargeability must issue for the separate and independent reason that the facts established in the hearing conducted on the merits of the claim on November 19, 1981, demonstrate the indebtedness to be within the exception to discharge. Plaintiff contends that, when the promise to repay the loan was executed by her in September 1975 and the first quarterly payment was due on January 1, 1976, and she filed for relief under title 11 of the United States Code on January 9, 1981, the obligation "first became due before five years before the date of the filing of the petition" within the meaning of § 523(a)(8) of the Bankruptcy Code. Thus, she contends, it must be excepted from the exception to discharge provided in that section. Authority is cited in support of this proposition which, under the predecessor statute,[6] held that the loan is payable within the meaning of that predecessor section from the time of execution of the loan agreement. But, there is a significant difference in wording and intention between the predecessor statute and the present one.[7] The legislative history under § 523(a)(8) of the Bankruptcy Code makes it clear that that section "excepts from discharge student loans *until* such loans have been *due and owing* for five years." (Emphasis added.) This language, particularly as here emphasized, demonstrates that

---

only in the allotted time by the federal civil rules, but also in time to allow plaintiff's counsel to comply with the pretrial order.

4. Part of the function of requiring the postdiscovery filings under the pretrial order is to apprise the court of the nature of the parties' claims or defenses so that the trial can be expediently conducted. Failure to file the documents required by the pretrial order frustrates the fulfillment of this function and makes it impossible to determine the factual merit prior to trial. See *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236 (8th Cir. 1977).

5. See the Legislative History under § 523(a)(8) of the Bankruptcy Code to the following pertinent effect: "This provision is intended to be self-executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan."

6. See *In re Mahler*, 18 CBC 602 (W.D.Pa.1978). Under the predecessor statute, § 1087–3, Title 20, United States Code, the five-year period after which an educational loan is to be regarded as dischargeable was to run "beginning on the date of commencement of the repayment period of such loan." It may well be within the realm of logic and reason to conclude, in consonance with such general language, that the "commencement of the repayment period" is the date on which the loan is extended. But, as is noted in the text of this memorandum, the legislative history under the current statute is clear to the effect that the repayment period does not commence to run until the payment is "due and owing." And, when there is an agreement to pay in installments, as in the case at bar, the debt cannot be considered as both "due and owing" until the installment is due.

7. See note 6, *supra*.

 

the five-year period must be deemed to run only from the date on which the debt is both "due" and "owing," i.e., required to be paid. In the action at bar, at the time of the filing of the petition for title 11 relief, only the first installment of $90 had fallen due more than five years in the past. Hence, this court believes that the remaining balance due on the loan—a principal balance of $2410—must be regarded as within the five-year limitation period.[8]

■ Nor does the evidence demonstrate that it would be an "undue hardship" within the meaning of § 523(a)(8)(B) for the debtor to repay this small loan. She and her husband have a combined take-home monthly salary in excess of $1300[9] and the evidence of their monthly expenses shows that income exceeds those expenses by nearly $30.[10] It cannot be concluded that the debtor does not have the ability to pay under these circumstances. The decree of nondischargeability must therefore issue.

It is therefore, for the foregoing separate and independent reasons of (1) default in complying with the court's pretrial order and (2) the demonstrated ability of the debtor to pay that portion of a student loan which is within the five-year limitation period,

ORDER, ADJUDGED AND DECREED that plaintiff's indebtedness to the defendant Graceland College in the principal sum of $2410 plus contractual interest be, and it is hereby, declared to be nondischargeable in bankruptcy and that the defendant Graceland College have and recover the same sum of plaintiff.

---

8. According to the uncontradicted testimony of the plaintiff in the hearing of the merits of the action at bar, she has paid $90 of principal against the $2500 principal indebtedness.

9. The testimony taken at the hearing of the merits of this action was clear to the effect that the monthly take-home pay of the plaintiff Julie Ann Johnson is $636.52 and that of her husband is $733.88. This makes a total of $1370.40 per month. cf. note 10, infra.

10. The regular monthly expenses testified to by the plaintiff in the trial of this action are as follows:

| | |
|---|---|
| rent & utilities | –0– |
| groceries (family of 5) | $325.00 |
| car payment (approximate) | 160.00 |

| | |
|---|---|
| medical | 142.00 |
| life insurance | 47.00 |
| auto insurance | 20.00 |
| telephone | 17.00 |
| gasoline for car | 125.00 |
| baby sitter | 325.00 |
| clothing | 50.00 |
| diapers for infant | 16.00 |
| medical insurance | 60.00 |
| auto license & taxes | 4.00 |
| child's schooling | 5.00 |
| overtime baby sitting | 30.00 |
| church donation | 15.00 |

Thus, a total of $1,341.90 in ordinary monthly expenses has been evidenced.