In re Philip A. STEINER, Debtor.

Philip A. STEINER, Plaintiff,

v.

CROCKER–CITIZENS NATIONAL BANK and the United States of America, Defendants.

Bankruptcy No. 281–02796–D.
Adv. No. 282–1214–D.

United States Bankruptcy Court, E.D. California.

Jan. 7, 1983.

Findings of Fact, Conclusions of Law, and Order Granting Judgment Jan. 25, 1983.

Donald B. Ayer, U.S. Atty., Joseph F. DePietro, Asst. U.S. Atty., Sacramento, Cal., for defendants.

Philip A. Steiner, in pro per.

NOTICE OF INTENDED DECISION

LOREN S. DAHL, Bankruptcy Judge.

The above-entitled matter having been submitted for decision after written argument by the plaintiff, in pro per, and JOSEPH F. DePIETRO, Assistant U.S. Attorney, for the defendant, the Court hereby notifies the parties of its intended decision as follows:

The first affirmative defense of the defendant is denied for the reason that granting of discharge to a debtor in a chapter 7 bankruptcy proceeding does not constitute closing of the case, and accordingly, parties, including the debtor, may seek relief if appropriate at any time while the case is open. In fact, Bankruptcy Rule 515 provides that, "A case may be reopened on application by the bankrupt or other person to administer assets, *to accord relief to the bankrupt,* or for other good cause." (Emphasis ours.)

However, the defendant's second affirmative defense is sustained, and in this regard, the Court adopts both as to the factual matters herein and the law asserted in Part II, a, b, and c of defendant's response

to plaintiff's memorandum of points and authorities filed herein November 15, 1982.

Finally, counsel for the defendant will prepare and submit Findings of Fact and Conclusions of Law and a proposed Judgment for the defendant consistent with this notice.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING JUDGMENT

Plaintiff's "Memorandum of Points and Authorities of Complaint to Determine Dischargability", defendant's response to plaintiff's Memorandum, and plaintiff's rebuttal were submitted on the pleadings to the Honorable Loren S. Dahl, Judge, United States Bankruptcy Court, without argument and without the necessity of counsel being present.

Having reviewed and considered the various memorandums of points and authorities submitted by respective counsel the Court now makes the following findings of fact, conclusions of law, and enters judgment accordingly.

## FINDINGS OF FACT

1. When Congress enacted the Bankruptcy Reform Act of 1978, it repealed 20 U.S.C. § 1087–3 and enacted Public Law 95–598, 92 Stat. 2590 (1978), codified as 11 U.S.C. § 523(a)(8). Congress intended to repeal 20 U.S.C. § 1087–3 and replace it with a new statute whose purpose was to enhance the United States Government's prospects of obtaining repayment of monies lent under the Federally Insured Student Loan Program (20 U.S.C. §§ 1071 *et seq.*).

2. On or about October 10, 1969, June 11, 1970, and August 20, 1970, plaintiff Steiner, for valuable consideration, executed and delivered to the Crocker Citizens National Bank, One Montgomery Street, San Francisco, California, written promissory notes in the principal amounts of $1500.00, $500.00 and $1500.00 respectively, with interest at 7% per annum.

3. Plaintiff Steiner defaulted on the payment of his Federally Insured Student Loans on September 6, 1978.

4. On March 6, 1979, the Government, as guarantor of plaintiff's loans, paid the lender the remaining balance due and owing of $1,986.72.

5. The Government sought, and on June 8, 1981 obtained, judgment against plaintiff Steiner for the balance due and owing, plus 7% interest. *United States v. Steiner,* Civ. S–80–560–PCW (E.D.Ca.1981).

6. On July 30, 1981, plaintiff Steiner petitioned this Court for discharge of certain of his obligations including his Federally Insured Student Loans. The petition number is 281–02796–D and on February 23, 1982 final discharge was granted as to certain of plaintiff's obligations.

7. The complaint in this action was endorsed August 13, 1982.

## CONCLUSIONS OF LAW

1. Bankruptcy Rule 515 provides a sufficient basis for the Court's exercise of jurisdiction over this action.

2. Under previous law, 20 U.S.C. § 1087–3, the five year period during which a debtor's student loan was deemed nondischargable for bankruptcy purposes commenced on the date the loan's first installment payment was due.

■ 3. Under existing law, 11 U.S.C. § 523(a)(8)(A), the five year period now runs only from the date on which the debt is both due and owing. Under the Federally Insured Student Installment Loan Repayment Program the debt can not be considered as both due and owing until each installment is due. *In re Johnson (Johnson v. Graceland College, et al.),* 17 B.R. 95, (W.D.Mo.1981).

4. Under 11 U.S.C. § 523(a)(8) the five year period of non-dischargeability is calculated back from the date a debtor's petition is filed. Amounts due and owing during the five years preceding the petition's filing date are not dischargeable.

5. Working back from July 30, 1981, the date plaintiff Steiner filed his petition, it is readily apparent that the balance remaining on plaintiff's defaulted student loans became due and owing within five years of the petition filing date and is therefore not dischargeable under 11 U.S.C. § 523(a)(8).

6. To the extent that any of the findings of fact set forth above are deemed to be conclusions of law, or to the extent that any of the foregoing conclusions of law are deemed to be findings of fact, the same shall be deemed conclusions of law or findings of fact, as the case may be.

7. Based upon the foregoing findings of fact and conclusions of law, the Court does herein conclude that defendant, United States of America, is entitled to judgment as a matter of law. Plaintiff Steiner's Federally Insured Student Loan obligations to the United States are hereby deemed not to have been discharged in bankruptcy proceeding # 281–02796–D. Plaintiff Steiner's Complaint in this action is hereby dismissed. The United States may proceed to satisfy the judgment it obtained on June 11, 1981 against plaintiff Steiner.

IT IS SO ORDERED.