**In the Matter of Lawrence S. STRAUSS, Debtor.**

**Lawrence S. STRAUSS, Plaintiff,**

v.

**The UNIVERSITY OF ILLINOIS AT URBANA–CHAMPAIGN, Defendants.**

**Bankruptcy No. 83–03803–B.**
**Adv. No. 83–1958.**

United States Bankruptcy Court, E.D. Michigan, S.D.

April 18, 1984.

Goldstein, Goldstein & Bershad, P.C. by Paul H. Steinberg, Southfield, Mich., for debtor.

The Bd. of Trustees of the University of Illinois by Warren H. Glockner, Urbana, Ill., for University of Illinois.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

Lawrence S. Strauss (debtor) obtained an educational loan in May of 1969 to enable him to attend the University of Illinois. The loan agreement provided that he was to begin to repay the loan pursuant to a payment schedule nine months after he ceased being a student. He terminated his studies in June of 1973, and in March of 1974 began repaying the loan, as provided for in the loan contract until September of 1981. When he stopped making payments, he still owed $479.23. On August 18, 1983, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the debtor filed a complaint requesting that the court determine that the debt to the University of Illinois was dischargeable by virtue of Section 523(a)(8)(A) of the Bankruptcy Code since the loan first became due more than five years before the filing of the petition. The University contends, however, that the date the loan became due refers to the date that each installment became due, and thus all installments due or which become due within five years of the filing of the petition are nondischargeable. *Johnson v. Graceland College (In re Johnson)*, 17 B.R. 95 (Bkrtcy.W.D.Mo. 1981).

Section 523(a)(8)(A) provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental

unit or a non-profit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition;

Section 523(a)(8)(A) is derived from an amendment to the Higher Education Act of 1958 which provided:

A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan....

20 U.S.C. § 1087–3 (1976) (Repealed 1978). Under this provision, the five-year period began to run from the date of commencement of the repayment of the loan. The five-year period was not affected by the date that installment payments were due. If the University's construction of 523(a)(8)(A) were adopted, prior law would be significantly changed. *See Commonwealth of Virginia v. Brown (In re Brown)*, 4 B.R. 745 (Bkrtcy.E.D.Va.1980). No evidence remotely suggests that Congress intended to do so. In fact, any reasonable construction of Section 523(a)(8)(A) leads to a contrary conclusion. Section 523(a)(8)(A) provides that the five-year period runs "from the date such loan first became due." It does not provide that the five-year period runs from the date that each installment of that loan first became due. Additionally, the legislative history specifically states that 523(a)(8)(A) "follows generally current law and excepts from discharge student loans until such loans have been due and owing for five years." S.Rep. No. 989, 95th Cong. 2d Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865. For the foregoing reasons, there is no merit to the University's contention.

An appropriate order to be submitted.