**In re Frank and Caroline MULLEN, Debtors.**

**Caroline MULLEN, Plaintiff,**

v.

**STATE UNIVERSITY OF NEW YORK and New York State Higher Education Services Corporation, Defendants.**

Bankruptcy No. 83–20835.
Adv. No. 83–2213A.

United States Bankruptcy Court,
W.D. New York.

Oct. 16, 1984.

Trudy A. Nowak, Rochester, N.Y., for debtor.

Frederick J. Schreyer, Albany, N.Y., for NYSHESC.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtor filed a complaint under § 523(a)(8) to determine the dischargeability of a debt owed to the State University of New York (S.U.N.Y.) and the New York State Higher Education Services Corporation (N.Y.S.H.E.S.C.). The S.U.N.Y. failed to answer to attend the pre-trial conference and this Court entered a default judgment against S.U.N.Y. on February 21, 1984. The N.Y.S.H.E.S.C. answered denying the material allegations of the complaint and counterclaimed for the debt to be declared nondischargeable and for $463.14 plus interest. The parties agreed to submit a stipulation of facts upon which the Court would make its decision.

The facts are as follows. In the fall of 1976, Caroline Mullen applied for and received a $1,000 student loan from the Lincoln First Bank of Rochester (Lincoln First) to attend the S.U.N.Y. at New Paltz. Repayment of the loan was guaranteed by the N.Y.S.H.E.S.C. Caroline completed approximately one year of undergraduate study and then withdrew from school in May of 1977.

The note, according to its terms, matured at "the end of the ninth month following the month in which I cease to be matriculated or become less than a half-time student." Therefore, the note matured at the end of February 1978. Caroline failed to make payments on her loan from Lincoln First requiring the N.Y.S.H.E.S.C. to back its guarantee and pay Lincoln First

$1,003.84 on June 20, 1979. Caroline Mullen, with her husband, filed a joint Chapter 7 petition on August 2, 1983.

As of July 1, 1984, Caroline owes the N.Y.S.H.E.S.C. $463.14 in principal plus $224.93 in interest, plus seven percent annual interest on the principal from July 1, 1984 until paid in full. The parties stipulated to many other facts pertaining to the question of undue hardship, however, due to the Court's ultimate decision it is unnecessary to recite those facts here.

The question presented is whether a student loan debt owed to the N.Y.S.H.E.S.C. should be discharged under § 523(a)(8).

Section 523(a)(8) reads as follows:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) to a governmental unit, or a nonprofit institution of higher education, for an educational loan, unless—

(A) such loan first became due before five years before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

In this case, the loan became due at the end of February 1978 and the debtor filed her petition in bankruptcy on August 2, 1983. The loan became due more than five years prior to the debtor filing bankruptcy, and, therefore, is dischargeable under § 523(a)(8)(A). Accordingly, it is unnecessary for this Court to determine the dischargeability question on the basis of undue hardship. The debt to the N.Y.S.H.E.S.C. is hereby declared discharged and N.Y.S.H.E.S.C.'s counterclaim is denied in all respects and it is so ordered.