**In re Edward Paul GINSBURG, Barbara Jill Ginsburg, Debtors.**

**Edward Paul GINSBURG, Barbara Jill Ginsburg, Plaintiffs.**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 3–83–02597.
Adv. No. 3–84–0008.**

United States Bankruptcy Court, W.D. Kentucky.

Sept. 30, 1985.

Philip Dunnagan, Asst. U.S. Atty., Louisville, Ky., for defendant.

Everett C. Hoffman, Louisville, Ky., for debtors-plaintiffs.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court on a Complaint filed by the debtors seeking to have certain debts due the United States deemed dischargeable under the provisions of 11 U.S.C. Section 523(a)(8)(A) and (B).

The debts in question arose from four student loans made by the debtors and insured by the United States of America Department of Health, Education, and Welfare, pursuant to the provisions of Title IV, Part B, of the Higher Education Act of 1965, as amended, 20 U.S.C. Section 1071, et seq., and the Code of Federal Regulations, Title 45, Part 177, Subpart E (redesignated in 1980 as 14 C.F.R. Part 682).

It is stipulated that there are two loans due from the debtor, Edward P. Ginsburg, and two loans due from the debtor, Barbara J. Ginsburg. It is further stipulated that Edward P. Ginsburg's loans and one of Barbara J. Ginsburg's loans first became due more than five years prior to the filing of this petition in bankruptcy. The remaining loan of Barbara J. Ginsburg also first became due more than five years prior to the filing of this petition, but this loan (in the amount of $1,000.00) was granted one (1) twelve month period and three (3) six month periods of deferrment. This loan first became due on September 1, 1976 and the thirty months of deferrment were granted thereafter. On December 11, 1983, the debtors filed this petition in bankruptcy.

Taking into consideration the 30 month deferrment period in addition to the five year period denoted in Section 523(a)(8)(A) results in this $1,000.00 loan of Barbara J. Ginsburg being nondischargeable, a result conceded by debtor's counsel. However, debtor insists this debt is dischargeable under the "hardship" provisions of Section 523(a)(8)(B).

Both parties submit these issues on Motions for Summary Judgment. It is well settled that disposal of issues presented by Summary Judgment is appropriate only where there exists no material question of fact, and the movant is entitled to the relief requested as a matter of law. Fed.R.Civ.P. 56(c); Rules of Bankruptcy Procedure 7056.

In determining whether an otherwise nondischargeable debt under Section 523(a)(8)(A) is nevertheless entitled to be discharged under the hardship provisions

of Section 523(a)(8)(B), the elements necessary to establish a "hardship" pose questions of fact. As denoted in *In re Moorman*, 44 B.R. 135, 137 (Bkrtcy., W.D.Ky. 1984), issues related to those facts necessary to establish "hardship" as used in Section 523(a)(8)(B) of necessity present factual questions "... so fraught with subjective elements that we must consider the totality of debtor's circumstances to confirm its presence or absence." In accord is *In re Washington*, 41 B.R. 211, 215 (Bkrtcy., E.D.Va.1984), which holds "A finding of undue hardship must turn on the specific facts and circumstances of each case."

■ It is the opinion of the court that there exists material questions of fact on the issue of the dischargeability of Barbara J. Ginsburg's $1,000.00 loan under the provisions of Section 523(a)(8)(B) and plaintiff's motion for Summary Judgment on this issue must be overruled. A separate hearing for a trial on this issue will be scheduled.

The United States, as defendant, and the Ginsburgs, as plaintiffs, have each moved for Summary Judgment on the issue of the dischargeability of the three remaining loans, which by stipulation were all "first due" more than five years prior to the filing of this petition, no deferrments having been granted on any of these obligations.

In determining the dischargeability of these loans, reference is made to Section 523 which provides:

Section 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

    (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

    (A) such loan first became due before five years (exclusive of any applicable suspension of the repayment periods before the date of the filing of the petition;

At issue is the interpretation to be given the phrase "first became due". The United States submits that the rationale of *In re Johnson*, 17 B.R. 95 (Bkrtcy., W.D.Mo. 1981) is correct in that "first became due" means both due and payable. Since only the individual installments became due on the trigger date following cessation of the education program, only such installments as actually became due more than five years before the bankruptcy petition are dischargeable. Installments becoming due less than five years before filing and those yet to become due are nondischargeable under this argument. Of like accord is *In re Steiner*, 55 B.R. 1 (Bkrtcy.E.D.Cal.1983).

The debtor argues that the loan became due upon the first month in which periodic monthly payments commenced and that the Code provisions continue the same rationale as existed under prior law in this interpretative process. Accordingly, as to these three loans which each first became due (i.e. the first installment) more than five years prior to bankruptcy, these debts are dischargeable in their entirety.

■ While the cases cited by the parties are illustrative of the issues and legislative history of Section 525(a)(8)(A) as contrasted with the prior law (20 U.S.C. Section 1087–3), this court is convinced of the logic and rationale of the majority view which rejects *Johnson, supra*. Section 523(a)(8)(A) provides that the five year period runs from the date "such loan first became due". It does not provide that the five year period runs from the date that each installment of that loan first became due.

Thus, as denoted in *Washington, supra:* "... the relevant date is the date the original note first became due and not the date on which subsequent obligations concerning the same loan first became due and payable unless there was a suspension of the repayment period." 41 B.R. at 215.

Similarly, "A loan becomes due when it is required to be paid, that is, when the first installment is due." *In re Hogan,* 43 B.R. 117, 118 (D.Ariz.1984); *see also, In re Brinzer,* 45 B.R. 831 (S.D.W.Va.1984).

Additionally, the legislative history specifically states that Section 523(a)(8)(A) "follows generally current law and excepts from discharge student loans until such loans have been due and owing for five years." S.Rep. No. 989, 95th Cong. 2d Sess. 79 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5865. *In re Strauss,* 38 B.R. 662 (Bkrtcy., E.D.Mich.1984); *In re Mullen,* 43 B.R. 376 (Bkrtcy., W.D.N.Y. 1984).

Accordingly, and for the reasons above set forth, it is the opinion of the court that these three loans are dischargeable pursuant to Section 523(a)(8)(A), and the plaintiff's Motion for Summary Judgment must be sustained. This constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A final Order consistent herewith will be entered this date.