788 F.2d 617
 14 Collier Bankr.Cas.2d 892, 14 Bankr.Ct.Dec. 697,
Bankr. L. Rep. P 71,100
 In re Sharon Ann NUNN, a single person, Debtor.
Sharon Ann NUNN, Debtor, Plaintiff-Appellant,
v.
STATE OF WASHINGTON; Western Washington University; U.S.
Department of Human Services; and Payco General
American Credits, Inc., Defendants-Appellees.
 No. 85-4041.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 6, 1986.*
Decided April 28, 1986.
 
 Dennis Lee Burman, Arlington, Wash., for plaintiff-appellant.
 Wendy Bohlke, Asst. Atty. Gen., Bellingham, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington (Seattle).
 Before WRIGHT, TANG, and REINHARDT, Circuit Judges.
 REINHARDT, Circuit Judge:
 
 
 1
 Sharon Ann Nunn appeals from the district court's denial of her petition for the discharge in bankruptcy of her government-backed student loan. She argues that under 11 U.S.C. Sec. 523(a)(8)(A) (1982), her loan "first became due" for purposes of the five-year pre-discharge period when her first installment payment was due. We agree and reverse the district court's order.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 Nunn received a National Direct Student Loan through Western Washington University and the state of Washington. Her installment repayments were to begin nine months after she graduated from the University and were to be paid over ten years. Nunn's first repayment was due in March, 1978. Nunn made only a few installment payments. The last repayment that she made was in May, 1981; the total amount repaid was $332.82. Nunn filed a Chapter 7 petition in bankruptcy in December, 1983, under 11 U.S.C. Sec. 523(a)(8).[1]
 
 
 3
 The bankruptcy court denied Nunn's petition under section 523(a)(8)(A) on the ground that the five-year period specified in that subparagraph begins with a debtor's last actual repayment. Since Nunn had made her last repayment within five years prior to filing for bankruptcy, the bankruptcy court found that no portion of her loan was dischargeable under that subparagraph. It also denied her petition for discharge under subparagraph (B), on the ground that repayment of the debt would impose no "undue hardship."
 
 
 4
 Nunn only appealed the bankruptcy court's ruling under section 523(a)(8)(A). The district court reversed but held dischargeable only a very small part of the debt--those installments that were due prior to the commencement of the five-year period preceding Nunn's filing for bankruptcy.
 
 
 5
 We review the district court's statutory interpretation de novo. Dumdeang v. Commissioner, 739 F.2d 452, 453 (9th Cir.1984).
 
 II. ANALYSIS
 
 6
 Nunn argues that her loan "first became due" when the first installment was due. Since her first installment came due more than five years before she filed for bankruptcy, she claims a right to a discharge of the entire loan balance under section 523(a)(8)(A).
 
 
 7
 The vast majority of the courts that have considered the issue have adopted the interpretation of section 523(a)(8)(A) which Nunn advocates.[2] We find that interpretation to be consistent with the language and the legislative history of the statute. The district court's decision in effect rewrites the section to provide that the five-year period runs from the date each installment of the loan first became due, rather than from the date "such loan first became due." (Emphasis added). See In re Strauss, 38 B.R. 662, 663 (Bankr.E.D.Mich.1984). The court's construction also overlooks the term "first." A loan obligation can "first" become due only once, not several times.
 
 
 8
 The legislative history of the section supports Nunn's reading as well. Section 523(a)(8)(A) is derived from an amendment to the Higher Education Act of 1965, under which the five-year period began to run from the date of commencement of the repayment period of the loan.[3] The Senate Report accompanying section 523(a)(8)(A) states that the section "follows generally current law and excerpts [sic] from discharge student loans until such loans have been due and owing for five years." S.Rep. No. 989, 95th Cong., 2d Sess. 79, reprinted in 1978 U.S.Code & Ad.News 5787, 5865. Construing the section so that the five-year period runs from the due date of each installment would, contrary to legislative intent, alter, rather than follow, the then-existing law.
 
 
 9
 Finally, we note that the construction we adopt effectively implements the apparent legislative purpose underlying the section. Congress was concerned that students would obtain loans while in college and then discharge those loans in bankruptcy prior to the time they entered the work force and acquired significant assets. 3 Collier on Bankruptcy Sec. 523.18, at 523-147 (15th ed. 1985). The statute was designed to ensure that graduates would seek bankruptcy for legitimate reasons only, and not merely to avoid the obligation to repay student loans. The key to accomplishing the congressional objective was the adoption of a bar to discharge in bankruptcy for a fixed period of time that would end sufficiently long after the student's studies had terminated. Five years from the date the first loan payment is due was deemed to be an appropriate period. The construction adopted by the minority of courts, including the district court, does not match the congressional purpose nearly as well as does the majority construction. Permitting the discharge of only part of a debt may serve other objectives but it does not establish a fixed time when the bankruptcy of former students may be conclusively presumed to be caused by factors other than their desire to avoid the necessity of repaying student loans.
 
 
 10
 We hold that section 523(a)(8)(A) provides for the discharge of student loans five years after the first installment payment becomes due. The judgment of the district court is
 
 
 11
 REVERSED.
 
 EUGENE A. WRIGHT, Circuit Judge, concurring:
 
 12
 The issue here presented has not previously been addressed by a Court of Appeals. We recognize that Congress has established a ten-year repayment period for student loans in 20 U.S.C. Sec. 425. To the extent the discharge of student loans within five years under Sec. 523(a)(8)(B) conflicts with this prescribed repayment period, the burden to alter either statute, or both, is upon the Congress, not this court. Only the legislature can correct the adverse effect of student loan discharges in bankruptcy on the repayment and recirculation of loan funds to other qualified student borrowers.
 
 
 
 *
 Oral argument waived by the parties
 
 
 [1]
 Title 11, U.S.C. Sec. 523(a)(8) provides for the discharge of
 an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, [if]--
 (A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or
 (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents....
 
 
 [2]
 See, e.g., In re Eckles, 52 B.R. 433, 434-35 (D.C.Wis.1985); In re Brinzer, 45 B.R. 831, 833 (S.D.W.Va.1984); In re Keenan, 53 B.R. 913, 917 (Bankr.D.Conn.1985); In re Ginsberg, 54 B.R. 69, 71-72 (Bankr.W.D.Ky.1985); In re Washington, 41 B.R. 211, 215 (Bankr.E.D.Va.1984); In re Strauss, 38 B.R. 662, 663 (Bankr.E.D.Mich.1984); In re Whitehead, 31 B.R. 381, 383 (Bankr.S.D.Ohio 1983); In re Crumley, 21 B.R. 170, 171 (Bankr.E.D.Tenn.1982); In re Ziglar, 19 B.R. 298, 300 (Bankr.E.D.Va.1982); In re Brown, 4 B.R. 745, 746 (Bankr.E.D.Va.1980). But see In re Steiner, 55 B.R. 1, 2 (Bankr.E.D.Calif.1983) (only installments due and owing prior to five years before bankruptcy filing dischargeable); In re Johnson, 17 B.R. 95, 98-99 (Bankr.W.D.Mo.1981) (same)
 
 
 [3]
 A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of commencement of the repayment period of such loan
 20 U.S.C. Sec. 1087-3(a) (1976) (repealed 1978).