**In the Matter of Robert James KINCAID, and Phyllis Ann Kincaid, Debtors.**

**Robert James KINCAID, and Phyllis Ann Kincaid, Plaintiffs,**

**v.**

**ITT EDUCATIONAL SERVICES, INC., d/b/a Bailey Technical School, and U.S. Department of Education, Defendants.**

**Bankruptcy No. 86–02747–3.
Adv. No. 86–0246–3.**

United States Bankruptcy Court,
W.D. Missouri, W.D.

Nov. 20, 1986.

Max Jevinsky, Berman, DeLeve, Kuchan and Chapman, Kansas City, Mo., for defendant ITT.

Daniel C. Hall, Aldridge & Hall, Kansas City, Mo., for debtors/plaintiffs.

David DeTar Newbert, Asst. U.S. Atty., Kansas City, Mo., for defendant U.S. Dept. of Education.

## ORDER DENYING MOTIONS FOR RECONSIDERATION

DENNIS J. STEWART, Chief Judge.

The above and within motion for reconsideration and that of the United States of America, which was filed on October 30, 1986, came on before the court for hearing on November 14, 1986. The court then heard the arguments of counsel for plaintiffs and those of counsel for the defendants. At the conclusion thereof, the court announced its determination to deny the motion for reconsideration, based upon oral conclusions of law which were then orally stated by the court and which are herein below summarized. In the hearing held on their motions for reconsideration, the movants first assert that the court overlooked the fact that the payment on the loan is only $30 per month. In this regard, it must first be mentioned that this action was tried in tandem with Adversary Action No. 86–0247–3 in which a decree of nondischargeability of an additional $1,500 in student loans was sought. The total indebtedness sought to be discharged would thus be approximately $4,100. Thus, if the indebtedness were to be paid over any reasonable period at all, significantly more than $30 per month would have to be paid.

Further, even if only $30 per month were to be paid, the record of evidence before the court all but conclusively demonstrates the debtors' inability to pay it. Their uncontradicted testimony is to the effect that there is no excess of income over expenses in their monthly family budget. This firm evidentiary fact is not now disputed by the movants. But they argue that the debtor Robert Kincaid, by reason of the training which he received as the result of the loans sought to be enforced, has greater opportunities to obtain other employment. And it is true, as the movants assert, that the court must take into account the debtor's future possibilities. See, e.g., *Matter of Bennett,* 38 B.R. 392 (Bkrtcy.W.D.Mo.1984) ("[I]t is appropriate for the court to consider future probabilities and possibilities" in this type of case.) In this case, however, the uncontradicted testimony of the debtor is to the effect that he had tried exhaustively and unsuccessfully to obtain employment at the conclusion of his training and that he had been frustrated in his attempts and therefore had simply attempted to open his own shop before gaining employment with his present employer. His testimony is to the further effect—and, again, uncontradicted—that, because of the unpromising level of business where he now works, significant future pay increases are not likely. The movants point to evidence that the debtor Robert Kincaid did not avail himself of the trade school placement service. But the generality of that evidence fails to demonstrate with any reasonable particularity the existence of employment opportunities better than debtor's current employment.

Finally, the movants ask the court to focus on evidence that, in the recent past, debtors have received federal income tax refunds in the vicinity of $700–$900 per year. On this basis, it is said that the court should draw an inference that debtors will receive equal or greater refunds in the future, from which payments could easily be made on the balances due on the educational loan. But the evidence also shows that Mrs. Kincaid is pregnant and expecting a second child; that the debtors have no insurance which will cover any part of the expense of the child's birth; and that the expense otherwise of having another child is at least $700 to $900 per year for the subsequent years.

For the foregoing reasons, therefore, this court rejects the contentions of the movants, each and all. This court reaches this conclusion against the backdrop of § 523(a)(8)'s intention that repayment should be required if there is an excess—however slight—in the monthly family budget. See, e.g., *Matter of Johnson*, 17 B.R. 95, 96 (Bkrtcy.W.D.Mo.1981). For this is one of those rare and unusual cases in which the debtors do not have the current ability to pay and in which the future employment prospects are not promising and their economic future is further clouded by the forthcoming birth of a child. It is therefore, accordingly,

ORDERED that the movant's motions for reconsideration be, and they are hereby, denied.