In re Linda Kem BUNGER, Debtor.

AVILA COLLEGE, A Missouri Pro Forma Corporation, Plaintiff,

v.

Linda Kem BUNGER, Defendant.

Bankruptcy No. 88–21688–7.
Adv. No. 89–0020.

United States Bankruptcy Court, D. Kansas.

May 8, 1989.

Linda Kem Bunger, Olathe, Kan., pro se.

Richard W. Parker, of Parker, Bigus & Gerstle, P.A., Overland Park, Kan., for debtor/defendant.

Thomas L. Lasley and Joe Hemberger, of Gordon & Gordon, P.C., Kansas City, Mo., David L. Skidgel, of McAnany, Van Cleave & Phillips, Kansas City, Kan., for plaintiff.

James S. Willis, Kansas City, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for trial on April 28, 1988, upon the complaint of Avila College

to determine the dischargeability of a student loan of Linda Kem Bunger pursuant to section 523(a)(8). The plaintiff appeared by and through counsel, Thomas L. Lasley and Joe Hemberger. The debtor/defendant appeared by and through counsel, Richard W. Parker.

## FINDINGS OF FACT

Based on the pleadings, stipulations of counsel, and the record, this Court finds as follows:

1. The plaintiff, Avila College, is a Pro Forma Corporation organized under the laws of Missouri.

2. The debtor/defendant, Linda Kem Bunger, is an individual residing in Johnson County, Kansas.

3. On November 18, 1988, the debtor/defendant filed a voluntary petition for relief under chapter 7, title 11, United States Code.

4. On February 28, 1989, the plaintiff filed an adversary proceeding to determine the dischargeability of a student loan pursuant to section 523(a)(8) of the Code. On April 3, 1989, the debtor/defendant filed an answer asserting that the student loan was over 5 years old and therefore dischargeable.

5. The debt in question is a National Direct Student loan in the total amount of $1500 which the debtor/defendant obtained when she was a student at Avila College. There is currently an outstanding balance of $1435.44 due and owing on the note.

6. Pursuant to the terms of the note, the debtor/defendant was to commence payment nine months after she ceased studies at the college. In this case, payments were to have commenced on or about March 1, 1983.

7. The debtor/defendant defaulted on the note. Her last payment was in March of 1984.

## CONCLUSIONS OF LAW

It is stated in 11 U.S.C. section 523(a)(8) in part as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

\*    \*    \*    \*    \*    \*

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of filing of the petition.

The sole issue before this Court is whether the student loan is nondischargeable under section 523(a)(8). Paragraph (A) of subsection (a)(8) imposes a time limitation on a debt for a student loan, after which it becomes dischargeable. To fall within the exception, the loan must have first become due prior to five years before the date of the filing of the petition. 3 Collier on Bankruptcy 523.18, pg. 523–133 (15th ed. 1989).

In the present case, this Court finds that the loan clearly became due more than five years before the filing of the petition. The loan first became due on March 1, 1983. The debtor/defendant filed her petition on November 18, 1988, five years and eight months later. Therefore, the student loan debt is dischargeable.

This Court notes that the plaintiff asserts that only the "installments" due and owing prior to the filing of bankruptcy are dischargeable. Since the debtor/defendant made her last installment payment within the five years before bankruptcy, the plaintiff asserts that the debt is nondischargeable.

However, this Court finds that the vast majority of the courts that have considered the issue have not adopted the plaintiff's interpretation of the statute. *See In re Nunn*, 788 F.2d 617, 618 fn. 2 (9th Cir. 1986). Most Courts rule that the five year period runs from the date such loan *first* became due, rather than the date each installment became due. I agree with those courts.

IT IS THEREFORE, BY THE COURT, ORDERED That judgment on the Complaint of Avila College to determine the dischargeability of a student loan is against the plaintiff and for the debtor/defendant, Linda Kem Bunger. The $1500 student loan debt is dischargeable.