In re Deborah Luann **GARRISON**, Debtor.

Deborah Luann **GARRISON**, Plaintiff,

v.

**SOUTHWEST BAPTIST UNIVERSITY**, Defendant.

Bankruptcy No. 91–42644–2.
Adv. No. 92–4379–2.

United States Bankruptcy Court, W.D. Missouri.

May 18, 1993.

**880**

David R. Munton, Douglas, Lynch, Munton & Haun, Bolivar, MO, for defendant.

Joseph F. Caresio, Gladstone, MO, for debtor/plaintiff.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor filed her petition for relief under Chapter 7 on August 9, 1991, and was discharged on January 24, 1992. Debtor filed amended schedules on November 1, 1991, and listed Southwest Baptist College as a creditor with a $6,000.00 "Education Loan." Neither debtor nor the college sought determination as to whether said loan was dischargeable under 11 U.S.C. § 523(a)(8). The college filed suit against debtor in the Associate Division of the Circuit Court of Jackson County, Missouri, on October 5, 1992.

Debtor filed a Motion To Re–Open with this Court. It was granted. Debtor sought removal from the state court to this Court. It was granted. Debtor then filed an adversary action to determine dischargeability of her student loan. Hearing was held on April 9, 1993. Both parties were present as were their respective counsel.

The evidence at the hearing was that the first advance had been made in 1978 and the last advance made January 29, 1980, and that the first due date on all sums advanced was more than seven years before debtor's original petition was filed. Based on those facts, debtor sought not only to have the debt declared dischargeable, but to have the college held in contempt and subject to punitive damages and attorney fees.

The college, while not disagreeing with the above facts, relied on *Johnson v. Graceland College*, 17 B.R. 95 (Bkrtcy. W.D.Mo.1981) and introduced a copy thereof into evidence. In that case, the Honorable Dennis J. Stewart, then a Bankruptcy Judge in this district, had interpreted the legislative history to include the term "due and owing" into the statute and to mean that only those installments which were past due more than five years (the pre–1990 rule) were dischargeable and that all installments becoming due after a date five years prior to the filing of the petition were not dischargeable.

That view, while very much in the minority, (see *Nunn v. State of Washington*, 788 F.2d 617 (9th Cir.1986)), has not heretofore been expressly disapproved in this district. Likewise, although none of the Bankruptcy Judges presently sitting in this district have expressly stated that they will not follow that view, it is most likely that they will decline to do so. The undersigned Judge does not follow that view.

Accordingly, the debtor's "educational loan" is declared discharged, but because the college relied upon *Johnson v. Graceland College, Id.*, neither damages nor sanctions will be visited upon Southwest Baptist College. This opinion will be published so that there should be no further instances of undue reliance upon the *Johnson* case and all parties are now on notice of such facts.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.