**In re Mary Lee SHIPMAN, Debtor.**

**DEPARTMENT OF MENTAL HEALTH, STATE OF MISSOURI, Plaintiff,**

v.

**Mary Lee SHIPMAN, Defendant.**

**Bankruptcy No. 83–00100–C.
Adv. No. 83–0365–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Sept. 16, 1983.

completing the master mailing matrix has been the debtor's responsibility in this district for nearly 10 years.

Victor Tell Neff, Jefferson City, Mo., for debtor/defendant.

Carrie Francke, Asst. Atty. Gen., Jefferson City, Mo., for plaintiff.

## MEMORANDUM OPINION AND ORDER

FRANK ·P. BARKER, Jr., Chief Judge.

This matter is before the Court on plaintiff, Missouri Department of Mental Health's Petition for Objection to Discharge of Debt. Plaintiff prays in two counts. First, debtor/defendant, Mary Lee Shipman, received money by means of a Work-Study Leave Program with the Department of Mental Health which constitutes an educational loan which should not be discharged based on section 523(a)(8) of the Bankruptcy Code. Plaintiff also alleges under section 523(a)(2)(A) of the Bankruptcy Code that debtor/defendant engaged in false representation and pretense in order to receive the funds and that she transferred her interest in real property to a former husband.

## FINDINGS OF FACT

To understand the allegations more fully, an explanation of the Work-Study Leave Program is required. In August, 1980, defendant entered into this work-study program with the Missouri Department of Mental Health in Fulton, Missouri. The contractual relationship involved the institution's advancing a "salary" of $778.00 per month to Shipman in exchange for her promise to work at the institution one day for every day's salary advanced. Defendant completed her education at Lincoln University receiving a degree in nursing. After graduation, she returned to Fulton State Hospital and began repaying her service obligation. Shipman continued work for six months and fifteen days, then resigned claiming the hospital did not offer necessary clinical experience. In lieu of repayment by work, defendant negotiated a note of $10,865.97 over a five year period at ten percent per annum interest rate. Her payments amounted to $143.50 per month. Debtor's attorney unsuccessfully attempted to reduce the payments, and ultimately Shipman filed for relief under Chapter 7 of the Bankruptcy Code on January 18, 1983, approximately one week before the first payment was due.

## CONCLUSIONS OF LAW

Plaintiff contends that these monthly advancements constitute an educational loan which is non-dischargeable. Section 523(a)(8) of the Bankruptcy Code excepts from discharge debts

"for an educational loan, made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit

or a nonprofit institution of higher education..."

No cases specifically define what is an educational loan. However, the legislative history surrounding the adoption of this exception is an excellent guideline.

Under the Bankruptcy Act, educational loans were dischargeable resulting in millions of dollars in federally guaranteed loans defaulted upon annually. To correct this situation, section 439A(a) of the Higher Educational Act of 1965 was amended to provide that these loans were nondischargeable in a bankruptcy proceeding. When the Bankruptcy Act was reformed in 1978, this exception to discharge for educational loans was removed from the Higher Educational Act and placed in section 523 of the Bankruptcy Code. See, 4 Collier on Bankruptcy, 523.18 at 523–136–138 (15th Ed.1983). This direct link to the federal education statute is an excellent indication that the central issue in determining dischargeability is whether the funds were for educational purposes, not whether the funds constituted a loan.

In the case at bar, this Court finds that the money advanced in the Work-Study Leave Program is not an educational loan under section 523(a)(8) because the funds were not directly for an educational purpose. This conclusion is based on the following facts. First, paragraph 2G of the August, 1980 contract between the Department of Mental Health and the debtor specifically states that

"I [Mary Lee Shipman] will be solely responsible for all school tuition and/or other costs where applicable and will not under any circumstances or conditions hold the Missouri Department of Mental Health or any of its agencies or members responsible or liable for any school tuition..."

Second, in paragraph one of the note for repayment of the advanced salary, the defendant attests to the fact that she was paid a salary in return for the service obligation of one working day for each day paid.

Third, Mary Lee Shipman testified on June 22, 1983 that the funds she received from the Department of Mental Health were spent only on rent and living expenses.

Finally, the Court in *In re Ziglar*, 19 B.R. 298 (Bkrtcy.E.D.Va.1982) found that a note consolidating seven guaranteed student educational loans executed in exchange for the release of two judgments was dischargeable because the debtors received no money for the note, and they did not return to school after the note was executed. In the case at bar, the debtor also executed a note based on a previously advanced sum of money, and she did not return to school after execution of the note.

These four factors lead the Court to the conclusion that the money advanced in the Work-Study Leave Program is dischargeable.

■ Plaintiff also contends that based upon section 523(a)(2)(A) the debtor obtained money through false pretenses and representation regarding her financial status and intent to repay loans. According to testimony and the schedules, this allegation is false. First, the transfer of the real property to her former husband occurred due to her inability to maintain the home in good repair. The former husband even assumed the mortgage. Also, defendant incurred additional student loans amounting to $4,400.00. The debtor acknowledges that this amount is nondischargeable. This acknowledgement clearly demonstrates that the debtor fully appreciates her responsibility toward repayment. Because plaintiff has not furnished sufficient evidence, it has failed to meet its burden to prove false misrepresentation and pretense.

For the reasons contained herein, plaintiff's objection to discharge of a debt is DENIED.

So ORDERED this 16 day of September, 1983.