In the Matter of UNITED STATES of America, Appellee,

v.

Michael M. HOGAN, Appellant.

No. CIV 84–292 TUC ACM.

Bankruptcy No. 83–716.

Adv. No. 83–353.

United States District Court, D.Arizona, Tucson Division.

Aug. 29, 1984.

Alan R. Solot, Tucson, Ariz., for appellant.

James E. Mueller, Asst. U.S. Atty., Tucson, Ariz., for appellee.

## ORDER

MARQUEZ, District Judge.

Michael Hogan, appellant, filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Along with other debts, appellant seeks to discharge a $32,000 debt to the United States Public Health Service, Department of Health and Human Services.

The United States, appellee, filed a complaint with the Bankruptcy Court which alleged that the debt for the scholarship funds was non-dischargeable under 11 U.S.C. § 523(a)(8)(A). Appellant's answer affirmatively alleged the dischargeability of the debt under that statute, and moved the court to dismiss appellee's complaint. The Bankruptcy Court denied appellant's Motion to Dismiss.

This matter is before this court on an interlocutory appeal from the Bankruptcy Court's denial of appellant's Motion to Dismiss. The Bankruptcy Court is affirmed.

## FACTS

Appellant received financial assistance for two years from the Public Health Service for his medical training at Kansas City College of Osteopathic Medicine. Under the Public Health Service program, scholarship funds are advanced to students in health related educational institutions in return for the recipients agreement to practice their profession in a health manpower shortage area for at least one year for each year of support received, with a minimum obligation of two years.

In a letter to the Public Health Service, dated August 3, 1977, appellant refused to accept a position in Rosedale, Mississippi assigned to him by the Public Health Service. No efforts have been made by appellant to repay his scholarship funds.

## LAW

■ An educational loan is a non-dischargeable debt unless such loan first became due before five years (exclusive of any applicable suspension of the payment) before the date of the filing of the petition in bankruptcy. 11 U.S.C. § 523(a)(8)(A). A loan becomes due when it is required to be paid, that is, when the first installment is due. *Matter of Johnson*, 17 B.R. 95 (Mo. 1981); *In re Brinzer*, 21 B.R. 545 (S.D. West Va.1982).

A recipient of Public Health Service Program scholarship funds is statutorily liable for repayment of the funds if the recipient fails to complete the active duty service obligation. 42 U.S.C. § 234(f)(1) (repealed). Section 234 requires that the recipient repay the scholarship funds within three (3) years of the date of termination from the Public Health Service Program.

## DISCUSSION

■ There is no dispute that appellant terminated his participation in the Public Health Service Program on August 2, 1977. Pursuant to § 234, he had until August 3, 1980 to repay the scholarship funds. Accordingly, the United States was not entitled to pursue collection of the funds until

that time. In that the United States' entitlement did not ripen until August 3, 1980, the court must conclude that no installment was due or required to be paid until August 3, 1980.

Appellant's petition in bankruptcy was filed on July 18, 1983, less than three (3) years after the repayment of the scholarship funds became due. Therefore, the debt did not "first become due before five years (exclusive of any applicable suspension of the repayment period) before the filing of the petition," as required under § 523(a)(8)(A). Appellant's scholarship debts do not fall within the exception to non-dischargeable debts, and appellant is not discharged from his debt.

In accordance with above,

IT IS ORDERED that the Bankruptcy Court's denial of debtor/appellant's Motion to Dismiss is affirmed.