**In re Jorge D. LUNA, Debtor.**

**Bankruptcy No. 84–00578–BKC–SMW.**

**Adv. No. 84–0407–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 16, 1984.

**638**

Marilyn G. Koonce, Asst. U.S. Atty., Miami, Fla., for plaintiff, United States Dept. of Health and Human Services.

Michael W. Ullman, North Miami Beach, Fla., for defendant, Jorge D. Luna, debtor.

## ORDER ON DETERMINATION OF NON–DISCHARGEABILITY OF DEBT

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came on for hearing before the Court on October 2, 1984 on the Petition of the United States of America to Determine The Non-Dischargeability of a Debt.

The United States of America introduced into evidence certified copies of documents representing scholarship funds awarded to debtor during designated academic periods from 1974 to 1977. The principal amount awarded was $25,598.00; interest in the amount of $12,448.88 had accrued on the principal as of the date of filing of debtor's Chapter 7 petition.

As a condition of receiving the funds, debtor agreed to practice medicine in an area designated by the Public Health Service as an area in critical shortage of physicians.

A letter dated July 10, 1978, from debtor to the Public Health Service, was introduced into evidence by the United States. In that letter debtor stated that he would not fulfill his commitment to the Public Health Service by serving the designated area of Puerto Rico. Debtor's testimony corroborated this letter. Debtor did not choose an alternative area of service approved by the Public Health Service.

The debtor testified that although he did not practice medicine in an area designated by the Public Health Service as an area critically short of physicians, he did practice medicine in a rural area of Arizona for approximately four years.

The United States does not contest that debtor practiced in rural Arizona for approximately four years, but contends, and debtor admits, that the area he practiced in was not an area designated by the Public Health Service as having a critical health man power shortage.

The Court renders the following decision:

██ The debtor will be credited for his years of service in rural Arizona notwithstanding the fact that it was not an area designated under § 329(b) of the Public Health Service Act as having a health manpower shortage. The amount of the credit is a reduction in the unpaid principal of $25,598.00 to $20,000.00.

██ The Court waives payment of interest as such sum is penalty in nature.

██ The Court finds that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8) of the Federal Bankruptcy Code.

The Court further finds that payment of this debt will not impose undue hardship on the debtor.

The Court hereby discharges the amount of the debt in excess of $20,000.00.