**In re James Gregory VRETIS, Jr., Debtor.**

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff,**

v.

**James Gregory VRETIS, Jr., Defendant.**

**Bankruptcy No. 85–457–BK–J–7.**
**Adv. No. 85–172.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 27, 1985.

Dorothea Beane, Jacksonville, Fla., for plaintiff.

Gregory K. Crews, Jacksonville, Fla., for defendant.

MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding was commenced by the United States Department of Health and Human Resources to determine the dischargeability of an educational loan under 11 U.S.C. § 523(a)(8).

FACTS

Debtor received financial assistance from the Public Health and National Health Service Corps Scholarship Training Program for his 1977–78 year at the Texas College of Osteopathic Medicine. In return, debtor agreed to serve on active duty for at least two years as a member of the National Health Services Corps in a designated health manpower shortage area. If debtor failed to fulfill the service obligation then he agreed to pay in full within three years the total amount of the award plus interest running from the date the award was given.

Under the award agreement, debtor received $6,750.00 as a stipend and $710.20 for tuition and fees. On July 27, 1982, after deferring his obligation in order to complete postgraduate training, debtor was

scheduled to begin serving his two year service obligation. Debtor declined to fulfill his obligation and the award went into default. Full payment was due by July 27, 1985. Debtor paid $250.00 on November 23, 1984, which was applied to accrued interest.

There is presently due and owing $7,460.20 principal and $7,838.46 interest after credit for the $250.00 payment.

## LAW

An educational loan is a non-dischargeable debt under 11 U.S.C. § 523(a)(8) unless such loan became due more than five years before debtor filed his petition or excepting the debt from discharge "will impose an undue hardship on debtor or debtor's dependents." 11 U.S.C. § 523(a)(8); *see also In re Hogan,* 43 B.R. 117 (Bkrtcy.D.Ariz. 1984). Debtor does not dispute that the obligation became due less than five years before he filed his petition in bankruptcy or that repayment would impose an undue hardship. Debtor does contend however that the "award" was not an educational loan.

The test for determining whether an award is an educational loan under Section 523(a)(8) is "whether the funds were for educational purposes." *In re Shipman,* 33 B.R. 80 (Bkrtcy.W.D.Mo.1983). Based on four findings, the *Shipman* Court found an award from the Department of Mental Health not to be an educational loan because the funds were not specifically designated for educational purposes. *Id.* First, the contract awarding the money stated that only Shipman would be responsible for her tuition and other costs, the Missouri Department of Mental Health could not be held liable for her school tuition. Second, the contract required Shipman to work one day for each day paid. The award was given as a monthly salary. Third, the proceeds were only used for rent and living expenses. Fourth, the note was based on sums previously awarded in that Shipman did not return to school after execution of the note.

The case at hand materially differs from *Shipman* in that the award given by the Health Services Corps was designated for tuition and educational purposes. Although the stipend given to support debtor while enrolled in academic training was probably used for rent and living expenses just as the debtor in *Shipman* used her monies for rent and living expenses, the initial characterization of the loan is what controls. The stipend given debtor was designated as monies to support debtor while engaged in academic training since the training consumed all of debtor's time without leaving any free time in which to work. The fact that the obligations under the award could be discharged by either service or by payment does not change its initial character of being for educational purposes. Clearly, this award was an educational loan within the meaning of Section 523. *See In re Scotton,* No. LA 83–03720 JD, slip op., (Bkrtcy.C.D.Cal. Feb. 1, 1985); *In re Luna,* 54 B.R. 637 Slip op. (Bkrtcy. S.D.Fla.1984); *In re Hogan,* 43 B.R. 117 (Bkrtcy.D.Ariz.1984).

For these reasons, a final judgment finding the debt nondischargeable under Section 523(a)(8) will be separately entered.