In re Everett W. EALY, Jr. and Karen S. Ealy, Debtors.

Everett W. EALY, Jr. and Karen S. Ealy, Plaintiffs,

v.

FIRST NATIONAL BANK OF MATTON, Defendant.

Bankruptcy No. 86–91051.
Adv. No. 86–9212.

United States Bankruptcy Court, C.D. Illinois.

June 15, 1987.

James Linder, Georgetown, Ill., for plaintiffs.

Alison Breslauer, Asst. Atty. Gen., Chicago, Ill., for defendant.

## MEMORANDUM AND OPINION

ROBERT E. GINSBERG, Bankruptcy Judge.

### FACTS

On October 15, 1986, Everett W. Ealy Jr. and Karen S. Ealy, (the "Debtors"), filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. On November 7, 1986 the Debtors filed a complaint to determine the dischargeability of a loan procured by the Debtors from the First National Bank of Mattoon, Illinois, (the "Bank"). The loan in question was made under the Illinois Guaranteed Student Loan Program. The Bank assigned the loan to the State of Illinois which took the position that the loan should not be discharged as a student loan under § 523(a)(8) of the Bankruptcy Code.

Everett Ealy ("Ealy") completed formal education through the tenth grade. Ealy worked at different jobs for three years and then decided to begin college. Ealy passed the Graduate Equivalency Diploma examination and enrolled at Lakeland College in Matoon, Illinois, ("Lakeland"), to study computer science. He attended Lakeland for nine months. During this

time, Ealy's studies were financed under the Comprehensive Employment and Training Act ("CETA") program, a government program which provides funds for job training.

After nine months of college Ealy returned to work and chose not to return to Lakeland. He pursued various jobs for almost five years, before deciding to return to Lakeland to study electronics. He enrolled in the electronics program in September, 1985, and remained in the program for approximately eight months. Ealy's tuition and costs were financed directly to Lakeland pursuant to the Trade Readjustment Act. However, Ealy also obtained a $2,500 loan from the Bank. Ealy used the proceeds of the loan to purchase a truck, to pay off his wife's car loan with the Bank and to pay other miscellaneous expenses.[1]

To date, Ealy has made no payments on the loan to the Bank and the Debtors claim that they have no funds with wish to repay the loan. Accordingly, the Debtors seek a discharge of the loan pursuant to section 523(a)(8) of the Bankruptcy Code which allows a student loan to be excepted from discharge unless repayment would impose an undue hardship on the debtors and their dependents.

## DISCUSSION

As remarkable as it may seem, this Court need not make a finding as to whether repayment of the loan would impose an undue hardship on Ealy and his family because the State has failed to establish by a fair preponderence of the evidence what portion of the loan in question was a student loan. In undue hardship proceedings under section 523(a)(8) of the Bankruptcy Code, the only burden on the lender is to establish that the loan in question was a student loan. *In re Keenan*, 53 B.R. 913, 916 (Bankr.D.Conn.1985). The test for determining whether a loan is a student loan is whether the proceeds of the loan were used for "educational purposes". *In re Vretis*, 56 B.R. 156, 157 (Bankr.M.D.

Fla.1985) (citing *In re Shipman*, 33 B.R. 80, 82 (Bankr.W.D.Mo.1983)). Once that burden has been satisfied, the burden shifts to the debtor to show that repayment of the loan would work an undue hardship on the debtor and the debtor's family. *Keenan*, 53 B.R. at 916–17. *See also In re Sobh*, 61 B.R. 576, 577 (E.D.Mich.1986).

At trial the State completely failed to establish what portion of this loan, if any, was for educational purposes. Ealy's testimony was that not all of the funds he received under the loan were used for "educational purposes". He testified that he used some of the proceeds of the loan to purchase a truck and some to pay off the loan on his wife's automobile made by the same bank which give him the loan. While it is arguable that Ealy needed a vehicle to drive to classes, it is clear that he did not need to pay off his wife's car loan in order to be able to go to school. It is therefore clear that some part of the loan in question was not used for educational purposes. The fact that the Bank may have used some part of the loan proceeds improperly to obtain payment of a non-educational obligation is between the Bank and the State. It does not affect the dischargeability of the debt as far as Ealy is concerned. Any unsecured loan he obtained from the Bank to pay off his wife's car loan would ordinarily be dischargeable absent fraud. 11 U.S.C. § 727.

Some part of the loan in question was not a student loan. The State has failed to sustain its burden of establishing what part, if any, of the loan was a student loan for the purpose of section 523(a)(8) of the Bankruptcy Code. The Court will not speculate or guess in that regard. Instead, the entire debt in question is found to be dischargeable.

This is, of course, a core proceeding under 28 U.S.C. § 157(b)(2)(I). Accordingly judgment is entered for the plaintiff.

---

1. On the loan application Ealy stated he wanted to use the loan proceeds to purchase a truck. In addition, he also talked with the Vice President of the Loan Department of the Bank and ex- plained that he had no school expenses because his tuition and costs were covered by the Trade Readjustment Act.