838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John M. RICHARDS, M.D., Defendant-Appellant.
 No. 87-1103.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 16, 1987.
Decided: Jan. 19, 1988.
 
 Willis J. Mahone on brief for appellant.
 Breckinridge L. Willcox, United States Attorney; Larry David Adams, Assistant United States Attorney on brief for appellee.
 Before HARRISON L. WINTER, Chief Judge, and JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States sued to collect money which the defendant had received and agreed to repay under the Public Health and National Health Services Corps Scholarship Training Program. The total amount of the outstanding debt is $23,185.50 in principal and $38,794.07 in interest. The district court granted the Government's motion for summary judgment. Plaintiff appeals, and we affirm.
 
 
 2
 Defendant asserts that the action is barred by the applicable six-year statute of limitations. See 28 U.S.C. Sec. 2145(a). He also contests the formula used by the Government to assess the amount owed by him.
 
 I.
 
 3
 Defendant was awarded money under the Scholarship Training Program to pay for his medical school education on condition that he serve an active duty period of one year for each academic year of support (or fraction thereof) received under the program. Following his graduation from medical school in 1976, defendant received a three-year deferment so that he could complete post-graduate training in internal medicine. After completion of that training in 1979, defendant began a three-year tour of service obligation as a medical officer with the East of the River Health Association in Washington, D.C. On June 9, 1980, due to insubordination, defendant was discharged from his position effective June 20, 1980. Discharge from the program resulted in a breach of contract under the terms of the Scholarship Training Program. Title 42 of the United States Code Sec. 234(f)(1), in force in 1974 and 1975 when defendant signed his agreement with the Government, governs the terms of the defendant's requirement to repay the funds he received. It states that "[a]ny amount which the United States is entitled to recover under this paragraph shall, within the three-year period beginning on the date the United States becomes entitled to recover such amount, be paid to the United States."
 
 
 4
 Defendant has not repaid any portion of the scholarship, and the Government filed this action against him on August 20, 1986. Defendant argues that the six-year period of limitations began either on June 20, 1980, when he was discharged, or on July 17, 1980, when he was formally notified that he was in breach of contract, and not on July 20, 1983, after the three-year grace period had ended. We disagree. The United States was not entitled to collect any part of the debt until it came due. See United States v. Hogan, 43 B.R. 117, 118-19 (D.Ariz.1984). The debt became due when the defendant was required to repay it. See e.g., Johnson v. Graceland College, 17 B.R. 95, 98-99 (Bankr.W.D.Mo.1981). By the terms of Sec. 234(f)(1), payment was not due until three years after defendant breached the agreement. The contract was breached June 20, 1980, payment was due July 20, 1983, and the statute of limitations therefore began to run on July 20, 1983, so that the Government's action is not time-barred.
 
 II.
 
 5
 Defendant contends that he should be given credit for part of his obligation because of service he has already provided to the Health Service. This credit would ostensibly reduce the amount of defendant's debt. He did not make this argument in the district court, and is therefore barred from raising it before us, absent exceptional circumstances. See United States v. One 1971 Mercedes Benz, 542 F.2d 912, 914-15 (4 Cir.1976). We perceive no exceptional circumstances and we note that defendant's alternate means of assessing his obligation depends upon statutory amendments to the Scholarship Training Program not applicable to an agreement entered into with the Government before October 1, 1977. See Health Professions Education Assistance Act of 1976, Pub.L. No. 94-484 Secs. 408(a) and 754, 90 Stat. 2243, 2279, 2286-87 (1976). Defendant was awarded two scholarships for the academic years beginning in 1974 and in 1975. His contention therefore has no merit.
 
 III.
 
 6
 Because we think the law is clear and that we do not need oral argument to aid the decisional process, we decide the appeal without oral argument.
 
 
 7
 AFFIRMED.