[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 00-14650
Non-Argument Calendar
_____

D. C. Docket No. 00-00885-CV-S-NE

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19 2001
THOMAS K. KAHN
CLERK

In Re:

EDDY J. BURKS,

Debtor.

_____

EDDY J. BURKS,

Plaintiff-Appellant,

versus

LOUISIANA, STATE OF, & BOARD OF REGENTS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____
**(March 19, 2001)**

Before ANDERSON, Chief Judge,  BIRCH and BARKETT, Circuit Judges.

ANDERSON, Chief Judge:

This is an appeal from a district court order affirming a judgment entered by the United States Bankruptcy Court for the Northern District of Alabama, holding that the obligation to repay certain stipends received by Appellant Eddy Burks ("Burks") from Appellee, the State of Louisiana Board of Regents ("Board"), was not dischargeable in bankruptcy by operation of 11 U.S.C. § 523(a)(8). For the reasons stated below, we affirm.

The facts of this case are not disputed. From 1982 to 1989, the Board had a "Graduate Fellowship Program" through which eligible persons received educational stipends to obtain graduate-level degrees and, in exchange, the recipients agreed to teach at "other-race" institutions of higher learning in Louisiana. Burks received his graduate education at Louisiana Tech University. His education was financed by three annual $10,000 stipends granted and administered by the Board in 1983, 1984, and 1985 as part of the Graduate Fellowship Program. The agreements entered into between Burks and the Board stated in relevant part:

> Recipient agrees that upon completion of [his] study under the Program and/or conferral of the terminal degree [he] will be available to teach for a minimum of three years at a Louisiana public institution of higher education at which [he] would be an other-race faculty member (i.e., a white faculty member at a predominantly black institution or a black faculty member at a predominantly white institution).
>
> Recipient agrees to repay the stipends received in full plus legal interest from the date of receipt of these funds until paid in full if [he] willfully fails to teach for the full three-year period either following completion

of [his] study under the Program or following attainment of the terminal degree.

After obtaining his graduate degree, Burks failed to fulfill his teaching commitment and failed to repay the stipends plus interest. On February 2, 1999, Burks filed for bankruptcy under Chapter 13. On August 23, 1999, he instituted an adversary proceeding against the Board in order to determine whether his obligation to the Board –which had grown to $98,167.42 due to the accumulation of interest– was dischargeable. The Board filed a motion for summary judgment on January 6, 2000, and Burks filed a motion for summary judgment on January 10, 2000. On February 2, 2000, the bankruptcy court awarded summary judgment to the Board. Burks appealed to the United States District Court for the Northern District of Alabama which affirmed the judgment of the bankruptcy court and held that Burks' obligation to the Board was non-dischargeable under 11 U.S.C. § 523(a)(8).

The sole issue on appeal is whether Burks' obligation to the Board is dischargeable in bankruptcy by operation of 11 U.S.C. § 523(a)(8). Section 523(a)(8) of the Bankruptcy Code states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this

3

paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8).

There is no dispute that Burks received stipends, issued by the Board, a governmental unit, which enabled him to attain his graduate degree. Burks also does not assert that excepting his debt from discharge would impose an undue hardship. Rather, Burks argues that, because his stipends were made available not only for the purpose of assisting Burks in obtaining his graduate-level education, but also for the purpose of achieving diversity among instructors in Louisiana's universities, his stipends were not for an "educational benefit" and thus are not excepted from the general discharge provisions of the Bankruptcy Code. We disagree and hold that Burks' obligation incurred under the "Graduate Fellowship Program" was non-dischargeable under 11 U.S.C. § 523(a)(8).

Burks contends that the obligation to repay the monies he received from the Board is dischargeable, because he did not receive an "educational benefit."[1] However, numerous courts have held that loans such as this one – where funds are loaned to students to assist them with their education in exchange for an agreement to fulfill a service obligation or, in the alternative, to repay the amount received plus

---

[1] Burks does not challenge the legality of the program, nor its wisdom as a policy matter.

4

interest – are nondischargeable.  See <u>U.S. Dept. of Health and Human Servs. v. Smith</u>, 807 F.2d 122 (8th Cir. 1986) (holding that Smith's debt to Department of H.H.S. incurred as part of the Physician Shortage Area Scholarship Program, whereby Smith received scholarship grants to finance his medical training in exchange for his agreement to practice medicine in a designated physician shortage area or to repay the amount of the grants plus interest, was non-dischargeable under § 523(a)(8)); <u>In re Lipps</u>, 79 B.R. 67 (Bankr. M.D. Fla. 1987) (concluding that four loans given to Lipps by Rural Kentucky Scholarship Fund for tuition and expenses while Lipps was enrolled in medical school, in exchange for Lipps' agreement to practice medicine in rural Kentucky or other designated area or to repay the loans if he failed to fulfill his service obligation was a non-dischargeable educational loan under § 523(a)(8)); <u>U.S. Dept. of Health and Human Servs.  v. Brown</u>, 59 B.R. 40 (Bankr. W.D. La. 1986) (concluding that funds advanced under Public Health and National Health Service Corps Scholarship Training Program to assist Brown with tuition and fees for medical school, in exchange for Brown's agreement to serve as a member of the National Health Service Corps in a "critical health manpower shortage area" for three years or to repay the amount received plus interest, was clearly for educational purposes and non-dischargeable under § 523(a)(8)); <u>U.S. Dept. of Health and Human Servs. v. Vretis</u>, 56 B.R. 156, 157 (Bankr. M.D. Fla. 1985) (holding that funds given to Vretis

5

as a stipend and for tuition and fees as part of the Public Health and National Health Service Corps Scholarship Training Program in exchange for his agreement to serve on active duty for at least two years as a member of the National Health Services Corp in a designated manpower shortage area, or to repay the amount of the award plus interest, was an educational loan within the meaning of § 523 and stating that "[t]he fact that the obligations under the award could be discharged by either service or by payment does not change its initial character of being for educational purposes"); U.S. Dept. of Health and Human Servs. v. Avila, 53 B.R. 933, 937 (Bankr. W.D. N.Y. 1985) (concluding that awards given to Avila over period of three years as stipends and for tuition and fee payments for medical school pursuant to Public Health Service Scholarship, in exchange for Avila's agreement to repay the governmental agency either through service or direct repayment, constituted a non-dischargeable educational loan under § 523(a)(8)).[2]

It is clear from the agreements entered into between Burks and the Board that Burks agreed to repay the Board for the three loans he received to help finance his

---

[2] Burks' attempt to distinguish these cases from his own on the basis that these cases involved programs which sought to promote "health" rather than "diversity" fails to make any meaningful distinction. To the extent that McFadyen v. A.L. Lee Memorial Hosp., 192 B.R. 328 (Bankr. N.D. N.Y. 1995), on which Burks relies, suggests that educational benefits made available under a program in exchange for an agreement by the recipient of the funds to provide services for a specified time period is per se not "educational" in purpose, we disagree with any such suggestion.

graduate education and that repayment thereof was available either through serving as an instructor at an "other-race" institution, or through repayment of the loans plus interest. These loans clearly fall within the ambit of non-dischargeable loans contemplated by 11 U.S.C. § 523(a)(8).

Accordingly, we

AFFIRM.