**In re Raymond Joseph BRINZER, a/k/a Dr. Raymond J. Brinzer, Debtor.**

**Raymond Joseph BRINZER, Plaintiff,**

**v.**

**PENNSYLVANIA STATE UNIVERSITY and Financial Collection Agencies, Inc., Defendants.**

**Civ. A. No. 82–2482.**

United States District Court, S.D. West Virginia, Charleston Division.

Dec. 7, 1984.

Fred D. Clark, Charleston, W.Va., for plaintiff.

G. Patrick Jacobs, Charleston, W.Va., for defendants.

## MEMORANDUM ORDER

COPENHAVER, District Judge.

### I.

This matter is before the court on appellant-plaintiff's appeal of an order entered by the bankruptcy court on July 29, 1982, finding plaintiff's educational loan nondischargeable under 11 U.S.C. § 523(a)(8)(A). 21 B.R. 545.

### II.

The appellant, Raymond Joseph Brinzer, filed his petition in bankruptcy on June 22, 1981. He received a discharge in bankruptcy on August 22, 1981. On October 12, 1981, appellant reopened his bankruptcy case in order to restrain Pennsylvania State University (Penn State) and Financial Collection Agencies, Inc., from attempting to collect a student loan debt. Appellant also sought an order requiring Penn State to release his grade transcripts which were being held on account of his indebtedness on the loan.

The following facts are undisputed. The appellant obtained the student loan through the National Defense Student Loan (NDSL) program. The promissory note, dated September 23, 1973, required the payment period to commence nine months after the borrower ceased studies on at least a half-time basis. The appellant completed classroom work on his doctorate on July 1, 1975, and entered a "dissertation phase" which he pursued while employed as a teacher. He completed his dissertation requirement in 1980 and received his doctor's degree.

Appellant having on July 1, 1975, ceased to carry at least one-half of the normal full-time workload, payments were to begin nine months later on April 1, 1976, pursuant to the formula set out by the express terms of the promissory note. However, the repayment schedule unilaterally devised by Penn State, bearing date of May 5, 1976, did not call for the first payment to begin until June 1, 1977. As indicated by 11 U.S.C. § 523 set out next below, if the loan first became due on April 1, 1976, it was due more than five years before appellant filed in bankruptcy on June 22, 1981, and is dischargeable. If the loan first became due on June 1, 1977, it was due less than five years on June 22, 1981, and is not dischargeable.

### III.

The controlling section of the Bankruptcy Code in this instance is 11 U.S.C. § 523 which sets out the list of exceptions to a discharge in bankruptcy. The educational loan exception, found in section 523(a)(8)(A), provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.

11 U.S.C. § 523(a)(8)(A).[1]

The bankruptcy court found that the debtor was advanced the last funds on the loan on June 10, 1975; that he failed to report to the loan office for an exit interview after he completed his classwork three weeks later on July 1, 1975; and that the delay of Penn State in establishing the repayment period was reasonable. Further, the bankruptcy court found that the debtor made no objection to the repayment

---

1. This provision is plainly designed to preclude resort to bankruptcy for the purpose of wiping out student loans sooner than five years after leaving school. 3 COLLIER ON BANKRUPTCY ¶ 523.18 (15th ed. 1983).

schedule forwarded to him by the University which called for the first payment to be made June 1, 1977. As five years had not expired between that date and the filing of the petition in bankruptcy, the bankruptcy court concluded that the debt was nondischargeable.

The date on which a note first becomes due is a factual question which should be resolved by reference to the terms of the note in question. *Whitehead v. University of Cincinnati*, 31 B.R. 381, 383 (Bkrtcy.S.D.Ohio 1983); *Crumley v. Hope College*, 21 B.R. 170, 171 (Bkrtcy.E.D.Tenn.1982); *State Education Assistance Authority v. Brown*, 4 B.R. 745 (Bkrtcy.E.D.Va.1980).[2] Here it is undisputed that the promissory note specified that the repayment period was to commence nine months after the borrower ceased studies on at least a half-time basis. It is also undisputed that appellant finished classes on July 1, 1975. This rendered the note due and owing for purposes of this case on April 1, 1976. *Whitehead v. University of Cincinnati, supra; Crumley v. Hope College, supra.*

This is true even though Penn State determined that the repayment schedule began on June 1, 1977. The note by its terms established when repayment obligations would start and there is no evidence or indication that Penn State had the contractual right to unilaterally suspend the repayment for a period of time. *Whitehead v. University of Cincinnati*, 31 B.R. at 383–85; *Crumley v. Hope College*, 21 B.R. at 172. None of the grounds contained in the note for suspension or deferral of the repayment period were present, namely, service in the armed forces, peace corps or VISTA or engagement in certain teaching or school staff positions; nor was there present any of the further grounds set forth in 45 C.F.R. § 144.34(b), § 144.56 (1977), consisting of disability of the borrower, or, when relief is requested by the borrower, extraordinary circumstances such as prolonged illness or unemployment.

*See also* 45 C.F.R. § 144.8(f), (g), § 144.-10(b) (1976). Appellant's lack of objection to the late repayment schedule does not operate as a contractual modification, nor does his failure to appear for an exit interview.

### IV.

The order entered by the bankruptcy court on June 29, 1982, is vacated and reversed.

It is ORDERED that appellant's debt to Pennsylvania State University on account of his student loan be, and it hereby is, discharged, and the bankruptcy court is directed to enter judgment accordingly.

It is further ORDERED that this case be remanded to the bankruptcy judge for entry of injunctive relief requiring Pennsylvania State University to release appellant's grade transcripts upon payment of the customary fee for such service.

There being nothing further for disposition in this case, this civil action is ORDERED dismissed and stricken from the docket of the court.

---

2. For the same conclusion under the prior Bankruptcy Act, *see In Re Malher*, 4 Bankr.Ct. Dec. 905 (Bkrtcy.W.D.Pa.1978).