**In the Matter of John A. SCOTT and Marilyn V. Scott, Debtor(s).**

**John A. SCOTT and Marilyn V. Scott, Plaintiff(s),**

v.

**UNITED STATES DEPARTMENT OF EDUCATION, et al., Defendant(s).**

**Bankruptcy No. 89–81921.**
**Adversary No. 95–8069.**

United States Bankruptcy Court.
D. Nebraska.

Jan. 28, 1997.

Laurie Barrett, U.S. Attorney's Office, for Dept. of Education.

Patrick Hays, North Platte, NE, for debtors/plaintiffs.

### MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Chief Judge.

This memorandum contains findings of fact and conclusions of law required by Fed.

Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I).

## Background

John Scott, one of the debtors, obtained a student loan in January, 1982. It is agreed that Mr. Scott ceased being a student for purposes of the loan on May 28, 1984, and that a six-month grace period, provided for in the promissory note, ended on November 27, 1984. It is also agreed that the first installment payment on the loan was due December 28, 1984.

The debtors filed their Chapter 7 petition on December 21, 1989. At that time, a student loan was nondischargeable unless the loan first became due more than five years before the date of the filing of the petition, exclusive of any applicable suspension of the repayment period.

The issue concerns the date the loan first became due. If the loan first became due on the day after the grace period expired, November 28, 1984, then the loan became due more than five years before the date the petition was filed, and the loan is dischargeable. However, if the loan became due on the day the first payment was to be made, then the petition was filed four years, eleven months and twenty-four days after the loan first became due, and the loan is nondischargeable.

## Decision

The loan became due on the first day of the repayment period, which is the day following the expiration of the grace period. In this case, that date was November 28, 1984. Because the debtors filed their petition more than five years after that date, the student loan in question is a dischargeable debt and was discharged in the court's discharge order of April 17, 1990.

## Summary Judgment Procedure

A procedural matter must first be addressed. This case was initially scheduled for hearing on the United State's motion for summary judgment. However, based on the conduct of the parties at the hearing and subsequent thereto, the court construes the matter as one of cross motions for summary judgment. The parties have agreed on the material facts other than the date on which the loan first became due. A determination of that date requires an interpretation of the note between the parties, which, under state law, is a question of law. *Daehnke v. Nebraska Dept. of Soc. Services,* 251 Neb. 298, 557 N.W.2d 17 (1996); *Stephens v. Radium Petroleum Co.,* 250 Neb. 560, 550 N.W.2d 39 (1996); *Solar Motors, Inc. v. First Nat. Bank of Chadron,* 249 Neb. 758, 545 N.W.2d 714 (1996). As both parties have proceeded on the same basic legal theory, relied on the same material facts, and the sole remaining question is one of law, the case is ripe for summary judgment. See, *Shook v. United States,* 713 F.2d 662, 665 (11th Cir.1983). See, also, *W.S.A., Inc. v. Liberty Mut. Ins. Co.,* 7 F.3d 788 (8th Cir.1993); *Coca–Cola Bottling Co. v. Teamsters Local Union No. 688,* 959 F.2d 1438 (8th Cir.1992).

## Discussion

At the time the debtors filed their petition, 11 U.S.C. § 523(a)(8) provided for the discharge of an educational loan if

such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of filing of the petition.

11 U.S.C. § 523(a)(8) (1988).

The student loan promissory note, signed by the debtor on January 30, 1982, provides as follows:

I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period begins when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.

It is clear from the language used that repayment of the loan begins after the grace period ends, in this case November 27, 1984, because the note provided for a six month grace period.

There are relatively few cases discussing this issue, but one case is almost directly on point. In *Brinzer v. Pennsylvania (In re Brinzer),* 45 B.R. 831 (S.D.W.Va.1984), the debtor ceased to carry at least one-half of the normal full-time workload as a student, which triggered the nine month grace period

provided for in his note. The debtor filed his petition in bankruptcy on June 22, 1981 and received a discharge thereafter. He re-opened his case after receiving his discharge to determine the dischargeability of the student loan.

The debtor had ceased to carry at least one-half of the normal full-time workload on July 1, 1975, and the grace period began on that date. The debtor maintained that the loan first became due on April 1, 1976, the day after the nine month grace period expired, and that the debt was therefore dischargeable, having become due more than five years before he filed his petition. However, the lending institution, Penn State University, had unilaterally devised a repayment schedule on May 5, 1976 which did not call for the first payment to begin until June 1, 1977. It argued that the debt was nondischargeable, as the five years should be measured from the time the first payment was due in 1977.

The bankruptcy court agreed with Penn State, and held that the loan was nondischargeable. *Id.* at 833. On appeal, the district court reversed the bankruptcy court, stating:

[h]ere it is undisputed that the promissory note specified that the repayment period was to commence nine months after the borrower ceased studies on at least a half-time basis. It is also undisputed that appellant finished classes on July 1, 1975. This rendered the note due and owing for purposes of this case on April 1, 1976. This is true even though Penn State determined that the repayment schedule began on June 1, 1977. The note by its terms established when repayment obligations would start and there is no evidence or indication that Penn State had the contractual right to unilaterally suspend the repayment for a period of time ... Appellant's lack of objection to the late repayment schedule does not operate as a contractual modification...

*Id.* at 833 (citations omitted). See, *Schirmer v. Minnesota Higher Educ. Coordinating Bd. (In re Schirmer)*, 191 B.R. 155, 159 (Bankr.D.Minn.1996) ("[T]he ... moratorium on dischargeability commences when the first payment of principal on an educational loan becomes due under the terms of the underlying note." In this case, the grace period pursuant to the note was 13 months, the debtor left school in May 1987, and the loan first became due 13 months later in June, 1988); *Whitehead v. State (In re Whitehead)*, 31 B.R. 381, 383 (Bankr.S.D.Ohio 1983) (The grace period pursuant to the note was 9 months, the debtor left school in June, 1976, and the loan first became due 9 months later in March, 1977).

In this case, the loan became due on November 28, 1984, the first day after expiration of the grace period. The fact that the lending institution did not require the first payment to be made until 30 days after the grace period did not affect or change that date in any way. *Brinzer,* 45 B.R. at 833; *Whitehead,* 31 B.R. at 385.

■ There was some discussion at the hearing as to whether the lending institution had the ability pursuant to the note to alter the terms of repayment, such that the date the loan first became due could be considered the date the first payment was due. Paragraph 3 of Section IV of the loan document provides in part:

I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms *within the guidelines as set forth in Paragraph 2* of this section, without my further approval.

(emphasis supplied). Paragraph 2 provides that the loan must be repaid within 15 years of the date the loan is made, and that the repayment period must last at least 5 years. It also discusses the fact that the repayment period may be shortened. It does not provide that the grace period may be extended for any period of time, unless *the debtor* requested an extension of the grace period or a modification of the repayment terms. See, *Brinzer,* 45 B.R. at 833; *Whitehead,* 31 B.R. at 384–85. Therefore, paragraph 3 did not provide the lending institution authority to unilaterally extend the grace period by 30 days.

The grace period for the debtor's loan ended on November 27, 1984. The date the loan became due was the following day, November 28, 1984. Since the debtors filed their petition on December 21, 1989, a date more than five years after the loan first became due, the loan is a dischargeable debt as a matter of law and was discharged by order of this court on April 17, 1990. Accordingly, the motion for summary judgment of the United States is overruled, and the cross motion for summary judgment of the debtors is granted.