In re John A. SCOTT land Marilyn V. Scott, Debtors,

U.S. DEPARTMENT OF EDUCATION, Appellant,

v.

John A. SCOTT and Marilyn V. Scott, Appellees.

No. 8:97CV245.
Bankruptcy No. 89–81921.
Adversary No. 95–8069.

United States District Court,
D. Nebraska.

Aug. 26, 1997.

Laurie Barrett, U.S. Attorney's Office, Omaha, NE, for Dept. of Education.

Patrick Hays, North Platte, NE, for debtors&61plaintiffs.

MEMORANDUM AND ORDER

SHANAHAN, District Judge.

This matter is on appeal from the United States Bankruptcy Court for the District of Nebraska. The appellant, the United States Department of Education ("DOE"), appeals from the Bankruptcy Court's "Journal Entry" and "Memorandum" (collectively the "Judgment") filed on January 29, 1997 in the Chapter 7 bankruptcy proceeding of John A. Scott and Marilyn V. Scott (the "debtors").

DOE is the holder, by assignment, of a promissory note executed by John A. Scott ("Scott") on January 30, 1982 in the principal amount of $2,300, plus interest at nine percent (90%) per annum. Scott executed the note pursuant to Title IV of the Higher

Education Act of 1965, as amended (the "student loan"). As reflected in its Judgment, the Bankruptcy Court held that the student loan is dischargeable in the debtors' present Chapter 7 bankruptcy pursuant to 11 U.S.C. § 523(a)(8)(A).

Generally, student loans are not dischargeable in bankruptcy. *In re Woodcock*, 45 F.3d 363, 365 (10th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 97, 133 L.Ed.2d 52 (1995). However, 11 U.S.C. § 523(a)(8)(A) and (B) establish two situations in which student loans may be discharged. The exception which permits discharge based on when the loan "first became due" is set forth in 11 U.S.C. § 523(a)(8)(A). Discharge is denied:

> (8) for an educational benefit...or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—
>
> > (A) such loan.. first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition....

(Emphasis added.)

■ Discharge of a debt is determined by the law in effect on the filing date of the debtor's bankruptcy petition. *In re Martin*, 137 B.R. 770, 772 (Bankr.W.D.Mo.1992). Scott's bankruptcy is governed by the version of 11 U.S.C. § 523(a)(8)(A) in force before the statute was amended with an effective date of November 1990. Under the applicable provision, student loans which "first became due" more than five years before the filing of a bankruptcy petition could be discharged. *In re Thorson*, 195 B.R. 101, 103 n. 3 (9th Cir. BAP 1996). Before the 1990 amendments, 11 U.S.C. § 523(a)(8)(A) stated:

> (a) A discharge under section 727...of this title does not discharge an individual debtor from any debt—
>
> > (8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, unless—

> > (A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition....

(Emphasis added.)

■ The sole issue in this bankruptcy appeal is the date when the student loan at issue "first became due." The pertinent provisions of Scott's promissory note state:

## I. DISCLOSURE OF CHARGES AND DISPOSITION OF LOAN PROCEEDS

. . . . .

H. The grace period will be *6* months. (The importance of the grace period is explained in Section IV, Paragraph 1, below.)

. . . . .

## IV. REPAYMENT

1) I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period begins when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.

2) I will repay this loan within 15 years of the date this loan is made, over a payment period that lasts at least 5 years. At the lender's option, I may receive up to 10 years to repay. However, the following exceptions to these rules apply.

> A) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.

> B) The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I have loans guaranteed under the Act outstanding, I pay toward principal and interest at least $600 or the unpaid balance of the total amount owing to all

holders of my guaranteed loans, whichever is less....

   .      .      .      .      .

3) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section. However, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

November 27, 1984 was the last day of the grace period specified in sections I.H and IV.1 of Scott's promissory note. Pursuant to the coupon payment book which Scott received from the lender, payments were to be made "monthly beginning 12/28/84." The debtors assert, and the Bankruptcy Court held, that the student loan first became due on the day immediately following expiration of the grace period, namely, on November 28, 1984. DOE contends that the loan first became due on the date of the first installment payment, namely, December 28, 1984.[1]

In deciding that the loan became due upon expiration of the grace period, the Bankruptcy Court cited *In re Brinzer*, 45 B.R. 831 (S.D.W.Va.1984). In *Brinzer*, "the repayment schedule unilaterally devised by [the lender], bearing the date of May 5, 1976 [called] for the first payment to begin [on] June 1, 1977." *Id.* at 832. The bankruptcy court in *Brinzer* found that the loan first became due on June 1, 1977, the date of the first installment payment. However, the district court reversed, reasoning that the language of the promissory note governed when the loan in *Brinzer* first became due, and the note "specified that the repayment period was to commence nine months after the borrower ceased studies on at least a half-time basis." *Id.* at 833. "[A]ppellant finished classes on July 1, 1975. This rendered the note due and owing for purposes of this case on April 1, 1976." *Id.* The fact that the lender unilaterally, without the debtor's request, issued a repayment schedule calling for periodic payments to begin later, on June

1, 1977, did not alter the contractual terms of the promissory note:

> The note by its terms established when repayment obligations would start [nine months after the debtor ceased studies on at least a half-time basis] and there is no evidence or indication that [the lender] had the contractual right to unilaterally suspend the repayment for a period of time.

*Id.*

The courts in *Chisari v. Florida Dept. of Education*, 183 B.R. 963 (Bankr.M.D.Fla. 1995) and *In re Bachner*, 165 B.R. 875 (Bankr.N.D.Ill.1994), concluded that the end of the grace period marks the date at which a student loan first becomes due, regardless of the dates set forth in a lender's coupon book or other repayment schedule. In *Chisari*, 183 B.R. at 966, the lender unsuccessfully urged that a difference exists between the date a student loan "first becomes due" and "the beginning of the 'repayment period,'" which begins on the day following the end of the grace period."

> The [lender] submits that the Loans did not become due until the Lender sent a repayment schedule to the Debtor. In essence, [the lender] argues that the Debtor was not liable for repayment until billed. Such an argument is contrary to the express language in the Notes which provides express terms for repayment. Simply because the Lender did not send a repayment schedule to the Debtor until almost a year after the end of the grace period is irrelevant.

*Id.* at 967–968.

Similarly, the court in *Bachner* determined that a lender's payment book does not change the result that a student loan first becomes due at the end of the grace period following graduation or cessation of enrollment. The court noted that "[t]he repayment terms of the Contracts clearly provide for an automatic six month grace period prior to the beginning of repayment of the loans. The grace period begins on the date the borrower graduates or ceases to be enrolled at least half-time at an eligible educational institution." *Bachner*, 165 B.R. at

---

1. The student loan at issue is dischargeable if the loan first became due before December 21, 1984.

879.[2] Therefore, "[t]he [lender's] sending of the payment book...was not an act that could legally amend the Contracts. The Debtor still had the same obligation—to begin payment six months after graduation." *Id.* at 880. Furthermore, "[t]he sending of the payment book is a non-material fact, as the [Lender's] action does not affect the court's construction and application of the Contracts. Any reliance by the Debtor on the payment coupon due date is unreasonable." *Id.* at 879.

DOE relies on language in *Nunn v. Washington (In re Nunn)*, 788 F.2d 617 (9th Cir. 1986) to the effect that a loan first becomes due when the first installment is due. *Id.* at 618–619. However, the court in *Nunn* did not decide that the date of the first installment payment prevails over the expiration of the grace period as the date a student loan first becomes due. The question addressed in *Nunn* was whether the due date for the "loan" meant the date of the first installment payment of the loan or the date of each installment thereafter. The Ninth Circuit rejected the proposition that a loan could "first become due" more than once. *Id.* In fact, *Nunn* cites *Brinzer* as support, *id.* at 618 n. 2, apparently perceiving no distinction between the end of the grace period and the date a first installment becomes due.

Under the terms of Scott's promissory note, the borrower could contact the lender within the grace period to negotiate repayment terms. If no such contact occurred, the lender could establish the schedule of payments, in which event, the lender had to provide notice of those terms to the borrower. The lapse of time between the end of the grace period and the lender's notice of repayment terms did not make the loan any less due when Scott left school and the grace period expired. Scott's promissory note established that the loan would mature and the obligation to repay would first become due 6 months after "[the borrower] leave[s] school or cease[s] to be at least a half-time student." Scott's loan first became due on November

28, 1984. Accord *Chisari; Bachner; Brinzer.*

Upon review of the record and the parties' arguments, the court finds and concludes that the Judgment of the bankruptcy court, namely the bankruptcy court's "Journal Entry" and "Memorandum" filed on January 29, 1997, shall be, and hereby is, affirmed.

SO ORDERED.

---

**2.** In *In re Bachner*, 165 B.R. 875 (Bankr.N.D.Ill. 1994), the usual positions were reversed. The lender argued that the student loan first became due at the end of the six-month grace period following the debtor's actual graduation date, not on the earlier date reflected in the lender's installment payment book which had been premised on the debtor's originally reported graduation date. *Id.* at 877–878.