# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3883

_____

| | | |
|---|---|---|
| In re: John A. Scott; In re: Marilyn V. Scott, | * | |
| | * | |
| | * | |
| Debtors. | * | |
| | * | |
| _____ | * | |
| | * | |
| U.S. Department of Education, | * | |
| | * | |
| Objector/Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| John A. Scott; Marilyn V. Scott, | * | |
| | * | |
| Debtors/Appellees. | * | |
| | * | |
| Patricia Dugan, | * | |
| | * | |
| Trustee. | * | |

_____

Submitted: May 11, 1998
Filed: July 7, 1998

_____

Before BEAM and MURPHY, Circuit Judges, and MELLOY,[1] District Judge.

_____

_____

[1]The Honorable Michael J. Melloy, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

BEAM, Circuit Judge.

John A. Scott took out a student loan on January 30, 1982, which was insured by the Department of Education under the Federal Family Education Loan program (FFEL), 20 U.S.C. §§ 1071 et seq. (34 C.F.R. §§ 682.100 et seq.). On May 28, 1984, Scott ended his academic career. At the end of the six-month grace period, the holder of the note sought repayment from Scott. When no payments were forthcoming, the note was assigned to the guaranty agency, Higher Education Assistance Foundation (HEAF), who, in turn, on October 28, 1991, assigned the note to the Department of Education. The Department received no voluntary payments from Scott after assignment of the note.

On December 21, 1989, Scott and his spouse filed for relief under Chapter 7 of the Bankruptcy Code. At that time, the student loan was nondischargeable in bankruptcy unless the loan first became due more than five years before the filing date of the bankruptcy petition. See 11 U.S.C. § 523(a)(8)(A) (1988) (amended 1990). Thus, the crucial issue is the date upon which the loan first became due. If more than five years before December 21, 1989, Scott is entitled to discharge; otherwise, the obligation survives the completion of the bankruptcy proceeding.

The bankruptcy court and the district court embraced the longer period of time and discharged the debt. The government disagrees with this conclusion and so do we. Thus, we reverse.

At the time the Scotts filed their bankruptcy petition, the applicable statute provided for discharge of an educational loan if:

> such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.

11 U.S.C. § 523(a)(8)(A) (1988) (amended 1990).  As noted by the bankruptcy court, the student loan promissory note, signed by Scott on January 30, 1982, provides as follows:

> I will begin repayment of this loan, <u>in periodic installments, after the completion of the grace period</u>.  The grace period begins when I leave school or cease to be at least a half-time student.  The payments may begin at an earlier time if I agree.

Jt. App. at 36 (emphasis added).

The bankruptcy and district courts concluded that the loan "became due" at the end of the grace period, a date more than five years prior to December 21, 1989.  However, the note also provided:

> I [Scott] must contact the lender prior to expiration of my grace period to negotiate the terms of repayment.  If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval.  However, the lender must inform me of these terms in writing.

Id.

In full compliance with Paragraph 2 and all other terms of the note, the first installment due date was set for December 28, 1984, a point in time less than five years prior to the filing of the bankruptcy petition.  To recapitulate, Scott last attended school on May 28, 1984.  The grace period ended on November 27, 1984.  The payment due date established by the government as authorized by Scott was December 28, 1984, and the bankruptcy petition was filed on December 21, 1989.  This created an intervening period between the first payment date and the bankruptcy filing date of four

years, eleven months, and twenty-three days.  The first payment due date therefore falls eight days short of meeting the statutory requirement for discharge.

There is no case precedent directly on point.  The bankruptcy court cites <u>Brinzer v. Pennsylvania State Univ. (In re Brinzer)</u>, 45 B.R. 831 (S.D. W. Va. 1984), as being "almost directly on point."  However, in <u>Brinzer</u>, unlike here, the lender, Pennsylvania State University, had no contractual right to establish a repayment schedule.  The <u>Brinzer</u> district court noted that "it is undisputed that the promissory note specified that the repayment period was to commence nine months after the borrower ceased studies." <u>Id.</u> at 833.  Pennsylvania State University had no authority to modify unilaterally the specified repayment date.

Here, of course, Scott was to begin his repayment through "periodic installments," either agreed upon through negotiations or as set by the lender under the terms of the note if Scott neglected to "contact the lender."  Scott admittedly made no contact with the lender.

We believe that, if at all applicable, <u>Brinzer</u> supports the government's position in this appeal.  Under the undisputed terms of the Scott note, the lender was authorized to establish unilaterally the periodic installment date for the commencement of repayment of the loan.  Such was done and in an expeditious manner, the initial installment being due one month and one day after the end of the grace period.  Given these circumstances, we believe the debt is not dischargeable under the statute.

Accordingly, we reverse the judgment of the district court and remand with directions to remand to the bankruptcy court for further proceedings in compliance with this opinion.

Melloy, Chief District Judge, dissenting.

The Court holds that John A. Scott's loan became due for purposes of determining eligibility for bankruptcy discharge on the date that Scott's first installment payment was due. Because I disagree with this interpretation of Scott's student loan promissory note and would find that Scott's loan became due on the date his grace period expired, I respectfully dissent.

When interpreting the promissory note, the Court highlights that Scott promised to "begin repayment of this loan, in periodic installments, after the completion of the grace period." The Court then emphasizes that Scott promised to contact the lender before his grace period expired in order to negotiate the terms of repayment, and that if he failed to do so, he authorized "the lender to establish repayment terms . . . without my further approval." Because Scott agreed to repay his loan in periodic installments, and because he did not contact the lender before his grace period expired, the Court concludes that Scott's loan became due on the date that the lender established that his first installment payment was due: December 28, 1984.

I respectfully disagree with this interpretation of the terms of the promissory note. Even though Scott agreed to begin repayment of his loan "in periodic installments," that phrase does not mean that his loan became due on the date that the first installment was due. Rather than establishing the date that the loan first became due, the phrase "in periodic installments" simply specified the method by which Scott was to repay his loan: instead of repaying his loan in one lump sum, he could repay it in installments.

Scott's ability to repay his loan in installments did not alter the fact that his loan became due "after the completion of the grace period." Similarly, Scott's failure to contact the lender prior to the expiration of the grace period did not alter the fact that his loan became due when the grace period expired. Just as Scott had a right to repay

his loan in installments, so the lender had a right to establish a repayment schedule after Scott failed to contact the lender before the grace period had expired. The lender's unilateral right to establish a repayment schedule did not alter the fact that Scott's loan became due when the grace period expired.

In *Brinzer*, neither party in that case disputed that "the promissory note specified that the repayment period was to commence nine months after the borrower ceased studies." 45 B.R. at 832. The *Brinzer* court also stated that the "note by its terms established when repayment obligations would start and there is no evidence or indication that [the lender] had the contractual right to unilaterally suspend the repayment for a period of time." *Id.* This Court interprets *Brinzer* to mean that when a promissory note gives a lender a unilateral contractual right to establish a repayment schedule, the date that the lender decides the first installment is due is the date that the loan first becomes due for purposes of bankruptcy discharge eligibility. I disagree with this interpretation and would find that *Brinzer* simply stands for the proposition that if a promissory note establishes when repayment obligations are to begin, that is the date when the loan first becomes due. In Brinzer's case, the note established that repayment obligations would start nine months after the borrower ceased studies. 45 B.R. at 832. In Scott's case, the note specified that Scott must begin repayment of his loan "after the completion of the grace period." Scott's loan therefore became due on the date his grace period expired.

I would therefore affirm the judgment of the bankruptcy court and the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-