BEAM, Circuit Judge.
John A Scott took out a student loan on January 30, 1982, which was insured by the Department of Education under the Federal Family Education Loan program (FFEL), 20 U.S.C. §§ 1071 et seq. (34 C.F.R. §§ 682.100 et seq.). On May 28, 1984, Scott ended his academic career. At the end of the six-month grace period, the holder of the note sought repayment from Scott. When no payments were forthcoming, the note was assigned to the guaranty agency, Higher Education Assistance Foundation (HEAF), who, in turn, on October 28, 1991, assigned the note to the Department of Education. The Department received no voluntary payments from Scott after assignment of the note.
On December 21, 1989, Scott and his spouse filed for relief under Chapter 7 of the Bankruptcy Code. At that time, the student loan was nondischargeable in bankruptcy unless the loan first became due more than five years before the filing date of the bankruptcy petition. See 11 U.S.C. § 523(a)(8)(A) (1988) (amended 1990). Thus, 'the crucial issue is the date upon which the loan first became due. If more than five years before December 21, 1989, Scott is entitled to discharge; otherwise, the obligation survives the completion of the bankruptcy proceeding.
The bankruptcy court and the district court embraced the longer period of time and discharged the debt. The government disagrees with this conclusion and so do we. Thus, we reverse.
At the time the Seotts filed their bankruptcy petition, the applicable statute provided for discharge of an educational loan if:
*790 such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.
11 U.S.C. § 523(a)(8)(A) (1988) (amended 1990). As noted by the bankruptcy court, the student loan promissory note, signed by Scott on January 30, 1982, provides as follows:
I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period begins when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.
Jt.App. at 36 (emphasis added).
The bankruptcy and district courts concluded that the loan “became due” at the end of the grace period, a date more than five years prior to December 21, 1989. However, the note also provided:
I [Scott] must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval. However, the lender must inform me of these terms in writing.

Id.

In full compliance with Paragraph 2 and all other terms of the note, the first installment due date was set for December 28, 1984, a point in time less than five years prior to the filing of the bankruptcy petition. To recapitulate, Scott last attended school on May 28, 1984. The grace period ended on November 27, 1984. The payment due date established by the government as authorized by Scott was December 28, 1984, and the bankruptcy petition was filed on December 21, 1989. This created an intervening period between the first payment date and the bankruptcy filing date of four years, eleven months, and twenty-three days. The first payment due date therefore falls eight days short of meeting the statutory requirement for discharge.
There is no case precedent directly on point. The bankruptcy court cites Brinzer v. Pennsylvania State Univ. (In re Brinzer), 45 B.R. 831 (S.D.W.Va.1984), as being “almost directly on point.” However, in Brinzer, unlike here, the lender, Pennsylvania State University, had no contractual right to establish a repayment schedule. The Bnnzer district court noted that “it is undisputed that the promissory note specified that the repayment period was to commence nine months after the borrower ceased studies.” Id. at 833. Pennsylvania State University had no authority to modify unilaterally the specified repayment date.
Here, of course, Scott was to begin his repayment through “periodic installments,” either agreed upon through negotiations or as set by the lender under the terms of the note if Scott neglected to “contact the lender.” Scott admittedly made no contact with the lender.
We believe that, if at all applicable, Brin-zer supports the government’s position in this appeal. Under the undisputed terms of the Scott note, the lender was authorized to establish unilaterally the periodic installment date for the commencement of repayment of the loan. Such was done and in an expeditious manner, the initial installment being due one month and one day after the end of the grace period. Given these circumstances, we believe the debt is not discharge-able under the statute.
Accordingly, we reverse the judgment of the district court and remand with directions to remand to the bankruptcy court for further proceedings in compliance with this opinion.